FRANK DESIDERIO SONS, INCORPORATED, PROSECUTOR, v. ERNEST W. BLUNT ET AL., RESPONDENTS.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Frank G. Turner*.

For the respondents, *Emil Neblo*.

PER CURIAM.

This is a *certiorari* to a judgment of the Essex Common Pleas dismissing an appeal in a workmen's compensation case. The ground of dismissal was that the Court of Common Pleas had no jurisdiction to entertain the appeal; and on examining the case and briefs of counsel, we concur in that view. The difficulty arises out of two facts: First, that the accident occurred in New York; and secondly, that a statute in force at the time of the finding by the commissioner and relating to review of his findings, covered only accidents that occurred somewhere in New Jersey.

It was settled quite early in the history of our Workmen's Compensation act, that where the contract of employment was made in this state, compensation for accidents occurring out of and in the course of that employment would be awarded here, although the accidents themselves took place without this state. *Rounsaville* v. *Central Railroad Co.,* 87 *N. J. L.* 371; 94 *Atl. Rep.* 392, reversed, but on another ground, in 90 *N. J. L.* 176. In the case of *Foley* v. *Home Rubber Co.,* 89 *Id.* 474; 99 *Atl. Rep.* 624, the accident occurred on the high seas, and right to compensation under our statute was apparently taken for granted so far as concerned that phase of the case. That case was affirmed in the Court of Errors and Appeals in 91 *N. J. L.* 323.

Under the original statute (*Pamph. L.* 1911 *p.* 141, § 18) the claim could be tried out before the judge of the Court of Common Pleas "of such county as would have jurisdiction in a civil case." This seemed to place the question of jurisdiction within the rules applicable to the laying of venue in an ordinary civil action. Later, by chapter 149 of the laws of 1918 (*Pamph. L., p.* 429) the original jurisdiction was transferred to the workmen's compensation bureau; and by section 19 of that act an appeal could be taken "to the Court of Common Pleas of the county in which hearing was held." That section was amended in 1919 and again in 1921 but without any change in this language. In 1931, however (*Pamph. L., p.* 1217), section 19, which was rather lengthy, was amended to read thus: "19. Any judgment of

the workmen's compensation bureau shall be reviewable by *certiorari* only." That act was approved June 30th, 1931, to take effect immediately, and remained in force until March 21st, 1932, on which date a further amendment of section 19 was approved, being chapter 25 of the laws of 1932. *Pamph. L., p.* 38. This amendment restored the appeal to the Common Pleas, but instead of designating the county where the hearing had been held, the language is as follows: "Either party may appeal * * * to the Court of Common Pleas of the county in which such accident occurred by filing with the secretary of said bureau and with the clerk of the county where such accident occurred, a notice of appeal * * *. Section 2 provides that all acts or parts of acts inconsistent therewith are hereby repealed, and that said act shall take effect immediately.

This language seems to be perfectly plain; and we find ourselves unable to escape from the conclusion that its only legitimate effect is to countenance an appeal in cases wherein the accident occurred in some county of this state, and not in other cases. By the act of 1931, the appeal was wiped out altogether and a direct jurisdiction in *certiorari* substituted. Then by the act of 1932, *certiorari* as a primary remedy was in turn abrogated so far as the legislature had power so to do, and appeal provided in cases where the accident had occurred in some county of this state. No other appeal was provided, and consequently in the present case involving an accident which occurred outside of this state no right of appeal existed at the time of the decision by the commissioner or thereafter.

The foregoing considerations require an affirmance of the judgment of the Common Pleas. Such will be the order.