Lutz, Appellant, *v.* State Workmen's Insurance Fund et al.

Submitted October 27, 1936.

Before KELLER, P. J.; CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Sidney R. Zall,* for appellant.

*Albert C. Richter, Charles J. Margiotti,* Attorney General, *John T. J. Brennan* and *S. H. Torchia,* for appellees.

PER CURIAM, December 11, 1936:

This case is ruled by our decision in *Bock v. D. B. Frampton & Co.,* 105 Pa. Superior Ct. 380, 161 A. 762. We said in that case, speaking through Judge GAW-THROP: "Prior to the passage of the amendment [of April 29, 1929, P. L. 853] the [Workmen's Compensation] Act did not apply to any accident occurring outside of the Commonwealth. The amendment of 1929 made an exception to 'accidents occurring to Pennsylvania employees whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employees are performing services for employers whose place of business is within the Commonwealth.' Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons normally performing services within the Commonwealth for an employer whose place of business is within the Commonwealth, but who happened to be injured while they had gone temporarily beyond the limits of the Commonwealth in the performance of their duties. It seems clear that the term 'Pennsylvania employes' refers only to employees who perform the major portion of their services within the Commonwealth. We cannot agree with the conclusion of the compensation board that the term 'Pennsylvania employes', as used in the act, refers to every employee who is working for a Pennsylvania employer. The words 'Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth', negative such a construction of the term."

The present claimant's husband, George Lutz, was employed by the Clare Food & Relish Company, a Pennsylvania corporation with offices in the City of Phila-

delphia, as a driver-salesman. He lived in Atlantic City, N. J., and had done so for seven years prior to the accident which caused his death. His duties were to sell and deliver his employer's goods, from its truck, for cash, over a route wholly in New Jersey. He came to Philadelphia with the truck only to get a new supply of goods and to settle with his employer for the goods sold. He was required to do this at least once every two weeks, and sometimes did it more often—once a week—depending on how fast he disposed of the goods. He then went back to New Jersey where he made all his sales and deliveries and collections. He was paid on a commission basis. He was accidentally killed while driving the truck over his route in New Jersey.

This resume of the evidence, which is undisputed, fully warranted the board in finding that he was not a Pennsylvania employee of the defendant whose duties required him to go temporarily beyond the territorial limits of the Commonwealth, within the intendment of the Act of 1929, supra. He was rather a New Jersey employee of the defendant whose duties brought him from time to time temporarily into Pennsylvania, and therefore not within the provisions of said amendatory act when he was killed in New Jersey.

Judgment affirmed.