MARY IRMA STETSER, PETITIONER-APPELLEE, v. AMERICAN STORES COMPANY, RESPONDENT-APPELLANT.

Submitted October 27, 1939—Decided January 25, 1940.

For the petitioner-appellee, *Elmer G. Van Name.*

For the respondent-appellant, *Samuel Levinson* and *Clarence B. Tippett.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This appeal brings up a judgment of the Supreme Court in a workmen's compensation case. The alleged employer is the appellant. The petitioner below, who is the widow of the deceased employe, was found by the Compensation Bureau to be entitled to compensation for the death of her husband. It is undisputed that the deceased husband, Nathan S. Stetser, met with injury by accident, arising out of and in the course of his employment, which resulted in his death. The disputed issue, however, was whether at the time of the fatality he was an employe of the appellant, American Stores Company, or of someone else. The bureau found he was an employe of the American Stores Company and *certiorari* was allowed to review said judgment. Parenthetically, we point out that the injury and death occurred outside of the State of New Jersey. In that circumstance no appeal may be taken to the Common Pleas Court of any county in this state which is the usual forum for review of a judgment of the bureau. *Cf. R. S.* 34:15-66; *Desiderio, &c., v. Blunt,* 11 *N. J. Mis. R.* 494; 167 *Atl. Rep.* 29; *Steinmetz* v. *Snead & Co.,* 123 *N. J. L.* 138, 141.

The Supreme Court affirmed the judgment there under review. In its opinion, however, the Supreme Court said, "The question for our consideration is whether there was testimony before the bureau and inferences which might properly be drawn therefrom upon which such a determination could be made." In other words, the Supreme Court, in reviewing the judgment, confined its inquiry on this issue, *i. e.,* by whom was decedent employed?—to whether there was testimony to justify the fact conclusion of the bureau. But this is not its function, without more. The Supreme Court has the duty to review the facts and the law and arrive at its own conclusion independently of the finding of the bureau and the finding of the Pleas (if the judgment has been appealed to the Pleas) regardless of whether the fact finding in each of these tribunals was in harmony. This is the requirement of our statute (*Certiorari* act, section 11, *Comp. Stat.,* p. 406; *R. S.* 2:81-8; *Cf. Anderson* v. *Federal Ship-*

*building & Drydock Co.,* 118 *N. J. L.* 55; 191 *Atl. Rep.* 455, and cases cited).

The Supreme Court, as has been indicated, did not determine and premise the facts and reach a conclusion but confined its examination of the proofs to whether there was evidence to support the fact conclusions of the bureau.

The case will be remitted to the Supreme Court to find the facts, and costs will abide the event.

*To remand*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.