23 N.J. Super. 88 (1952)
92 A.2d 506
FANNY B. KELLY, WIDOW AND GENERAL ADMINISTRATRIX OF THE ESTATE OF LEROY KELLY, DECEASED, PETITIONER-RESPONDENT,
v.
HACKENSACK WATER COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided November 7, 1952.
*89 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Seymour A. Smith argued the cause for petitioner-respondent (Messrs. Hein & Smith, attorneys).
Mr. John W. Griggs argued the cause for respondent-appellant (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
This is a workmen's compensation case. The petitioner below sought compensation for the death of her husband, Leroy Kelly, which she claimed arose out of and in the course of his employment with respondent. The death occurred on September 17, 1948 *90 while Kelly was attending a company outing at Bear Mountain Park, New York, and, according to the claim, it was caused by his accidental fall into a ravine. The action was tried for the first time in the Workmen's Compensation Division of the Department of Labor in March and April 1950, and at the conclusion of petitioner's case a judgment of dismissal was entered on the employer's motion on the ground that no compensable accident had been shown. On appeal the Appellate Division declared that the facts shown by the record taken in their most favorable light to the petitioner's case demonstrated that the outing in question was conducted for the mutual benefit and advantage of the employer and the employees and that consequently, while attending it, decedent was engaged in the course of his employment. The opinion said further that viewing the facts in the same light the fall arose out of a risk which was an incident of the outing and therefore of the employment. Kelly v. Hackensack Water Company, 10 N.J. Super. 528 (App. Div. 1950). Accordingly the judgment of dismissal was reversed and the matter remanded for retrial and the introduction of the employer's defense.
On the retrial, by consent, the record of the first trial was introduced as the petitioner's case and the respondent then went forward with its proof. At the conclusion thereof the deputy director found that a compensable accident had been proven and awarded compensation. The employer now appeals.
At the retrial appellant's proof was designed principally to establish (1) that the outing was not in fact for its benefit at all, and (2) that the natural and proximate cause of Kelly's fall was intoxication.
The only witness produced to offset the proof adduced by petitioner as to the nature of the outing was Julius Von Scheidt, the employer's personnel director. Von Scheidt had been called previously as a witness in the employee's case but had not been examined by respondent as to the matters now covered.
*91 The opinion of the Appellate Division mentioned that the outing in question had been an annual event for a number of years, that the employer had decided to abandon it in 1948, but that following a "protest" by the employees and a claim that it was one of the benefits which the employer had agreed upon in the 1948 contract with the union, the outing was reinstated. On this subject Von Scheidt said that the decision to abandon the outing was not altered by a protest but rather as the result of a petition signed by a number of the employees stating that they "would like to suggest if it is still possible to receive our annual outing, which usually comes every year." And he further asserted that the outing was not referred to in the 1948 union contract. However, it appeared that at the time the petition was presented and acceded to, Von Scheidt was in fact negotiating with the union representative respecting the terms of the collective bargaining agreement. The union representative asserted that in the past the negotiations had produced certain holidays and that when the company announced its decision to discontinue the outing some employees complained of the deprivation of a benefit to which they felt they were entitled; this grievance resulted in the petition. Also it appeared that while the outing was not specifically included in the collective bargaining agreement, neither were other stipulated benefits, such as, group life insurance, pension benefits, and paid time-off to attend funeral services of close relatives.
Some other, but in our judgment, not crucial, inconsistencies between the testimony offered through this witness and that adduced in the employee's case respecting the outing, were made to appear. After considering all of the evidence the deputy director found on this phase of the matter that decedent had met his death as the result of an accident which arose out of and in the course of the employment.
Appellant complains that the deputy director in his formal judgment adopted the language of the Appellate *92 Division and therefore gave no consideration to the evidence offered by it on the retrial. True he used the language of the court; however, he specifically referred to the testimony of Von Scheidt and made his finding on "all of the testimony, including the testimony offered by the respondent." In effect he held that after a study of the employer's proof he found that it did not detract from the force of the employee's prima facie case and that on the whole of the evidence a compensable accident had been made out. Since no appeal to the County Court is possible here because the accident did not occur in the State of New Jersey (Frank Desiderio Sons, Inc. v. Blunt, 11 N.J. Misc. 494 (Sup. Ct. 1933)), we have applied the rule which guides the review in that court, namely, a trial de novo on the record. This evaluation of the evidence has left us in agreement with the judgment below.
With respect to the subject of intoxication, we are mindful that under the statute it is a defense and that the employer is under the duty of establishing it by the preponderance of the evidence. More particularly, to relieve the employer of the compensation obligation it must appear that the death was produced solely by intoxication. R.S. 34:15-7; Kulinka v. Flockhart Foundry Co., 9 N.J. Super. 495 (Cty. Ct. 1950), affirmed Bujalski v. Flockhart Foundry Co., 16 N.J. Super. 249 (App. Div. 1951).
Respondent offered evidence that the decedent had been drinking before his fall, and some lay and expert opinion that he was under the influence of liquor. However, petitioner produced substantial expert proof to the contrary. Following autopsy in New York, decedent's brain was analyzed and while the presence of some alcohol was detected, it was declared insufficient to demonstrate intoxication. Likewise the only medical witness in the case, a specialist in internal medicine, asserted on the basis of the alcoholic content of the brain, intoxication was ruled out completely.
The deputy director found that the defense of intoxication had not been established by the necessary quantum *93 of proof. His determination is entitled to considerable weight on this appeal, particularly since the credibility of witnesses played an important role therein. But in any event, our study of the record without the benefit of observation of the witnesses convinces us that the greater weight of the evidence does not show the fact of intoxication. Moreover, in the field of causal relation between intoxication and decedent's fall respondent's proof is even more deficient.
Under all of the circumstances the judgment below is affirmed.