Brown, Appellant, *v.* Ross Motor Lines.

370

Argued September 28, 1954.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Harry R. Mayer,* with him *John A. M. McCarthy,* for appellant.

*Francis Logan,* with him *Robert C. Duffy,* for appellees.

OPINION BY HIRT, J., January 14, 1955:

William Thomas Brown, while driving a truck in the course of his employment with defendant, was killed on March 9, 1952 in a collision with another truck. His mother, asserting dependency upon him for support, filed her claim petition for compensation from the defendant. The Board, on appeal from an order of disallowance by the Referee, found that "The defendant-employer's place of business was in Pennsylvania and claimant was a Pennsylvania employee." The Board made this additional finding: "The decedent's employment required him to make a temporary trip outside of Pennsylvania for a period not in excess of one week at the time he was fatally injured while in the course of his employment." Based upon these findings the Board entered an award for partial dependency under Section 101 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §1. On defendant's appeal from that order the lower court concluded as a matter of law that the Board's finding that decedent was a Pennsylvania employe within the exception of §101 of the Act, was not supported by the evidence. The court accordingly reversed the Board and entered judgment for the defendant employer. Viewing the testimony in the light most favorable to the claimant, as we must (*Baumann v. Howard J. Ehmke Co.*, 126 Pa. Superior Ct. 108, 112, 190 A. 343), we are obliged to affirm the judgment.

These are the undisputed facts: The decedent Brown was a resident of Rosehill, North Carolina. He applied for employment by telephone from his home and at defendant's request came to Philadelphia on February 28, 1952, where he was hired by the defendant as a truck driver. Defendant had an office also in Pompano, Florida. Its business was that of a common carrier of freight by truck over the highways. De-

cedent's work consisted in hauling produce or other cargoes between Philadelphia and points in Florida, and along the Eastern Seaboard. When making deliveries to or from points in Florida he came to Philadelphia at least once a week. He was in Philadelphia more frequently when hauling along the Eastern Seaboard. The testimony of defendant's president is that "He made trips back and forth and when he came to Philadelphia he was paid." Immediately prior to his fatal trip he had returned from Pompano to Philadelphia and his truck was serviced there. He then was instructed to go to Linden, New Jersey, for a load of produce consigned to The Food Fair in Miami, Florida. In the course of transporting this shipment in defendant's truck he died from accident on the Ogeechee Road near Savannah, Georgia.

Section 101 of the Act, supra, which denies compensation for accidents occurring outside the Commonwealth, excepts from its operation ". . . accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are performing services for employers whose place of business is within the Commonwealth." In *Bock v. D. B. Frampton & Co. et al.,* 105 Pa. Superior Ct. 380, 161 A. 762, it was said: "It seems clear that the term 'Pennsylvania employes' refers only to employes who perform the major portion of their services within the Commonwealth." This test to be applied in construing the provision of the Act was followed in *Lutz v. State Work's Ins. Fund et al.,* 124 Pa. Superior Ct. 149, 188 A. 364, and is now settled law. An employe under contract with a Pennsylvania employer is not a Pennsylvania employe, within the contemplation of §101 of our Workmen's Compensation Law, unless in the performance of his duties he devotes most

of his time to the work of his employer within this State. Cf. *Stewart v. Thomas Earle & Sons, Inc.,* 150 Pa. Superior Ct. 591, 29 A. 2d 239. This construction of the exception of the Act was approved and applied in *Salkind v. Pa. T. & F. Mut. Cas. Ins. Co.,* 335 Pa. 326, 6 A. 2d 301.

The error in the conclusion of the Board consists in treating the trip from Linden, New Jersey to Miami, Florida as an isolated operation separate and apart from the services as a whole which the decedent performed for the Pennsylvania employer under his contract of employment. The employer's business consisted in the transportation of produce or merchandise principally to and from Florida. Decedent was not employed for each shipment on a unit basis; his employment was continuous and consisted in driving his employer's trucks on interstate shipments on successive assignments as directed by his employer. Referring to the amendment of §101 we said in *Lutz v. State Work's Ins. Fund et al.,* supra: "Manifestly, this amendment was intended by the lawmakers to extend the benefits of the statute to persons normally performing services within the Commonwealth for an employer whose place of business is within the Commonwealth, but who happened to be injured while they had gone temporarily beyond the limits of the Commonwealth in the performance of their duties. It seems clear that the term 'Pennsylvania employes' refers only to employees who perform the major portion of their services within the Commonwealth." In that case the workman was employed by a company located in Philadelphia, as a driver salesman. He lived in Atlantic City, N. J. His duties were to sell and deliver his employer's goods from his employer's truck over a route wholly in New Jersey. He came to Philadelphia only to get new supplies of goods and to settle with

his employer for what he had sold. In that case compensation was denied as it was by the lower court in the instant case for the reason that the decedent's duties brought him only temporarily into Pennsylvania from time to time and the major portion of his services were performed beyond the Commonwealth. Cf. *Koeppel v. Royal Clothing Co.*, 150 Pa. Superior Ct. 610, 29 A. 2d 241.

The employer in the present case was not unsympathetic to a recovery by claimant. But no possible interpretation of his testimony, in addition to the meager testimony of other witnesses for claimant, can support an inference that decedent performed the major portion of his service for defendant in Pennsylvania. On the contrary, decedent's work consisted in hauling produce outside the limits of this State and he came to Philadelphia only to make deliveries of shipments from other States, or to get his pay. He performed all but a small portion of his duties beyond the limits of the Commonwealth.

*Morrison v. Vance et al.*, 157 Pa. Superior Ct. 244, 42 A. 2d 195, on which claimant puts some reliance, presents an entirely different factual situation and has no application here.

Judgment affirmed.

Ross and GUNTHER, JJ., dissent.