ELOISE G. KNOX, Plaintiff below, Appellant, v. GEORGIA-PACIFIC PLYWOOD COMPANY, Defendant below, Appellee.

(*March* 9, 1957.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Carl E. Geuther* for appellant.

*Clement C. Wood* (of the firm of Allmond and Wood) for appellee.

Supreme Court of the State of Delaware, No. 37, 1956.

BRAMHALL, J.:

The questions presented relate (1) to the amendment to the Workmen's Compensation Act of this state, providing, under certain conditions, that accidents to Delaware employees occurring outside the territorial limits of this state come within the purview of that Act; and, (2) to the right of the Superior

Court to hear an appeal from the Industrial Accident Board in a case where the accident occurred outside the territorial limits of the state.

Appellant petitioned the Industrial Accident Board for compensation under the Workmen's Compensation Act for the death of her husband, a resident of this state, who was killed in an accident occurring in the State of Pennsylvania. A motion to dismiss by the employer was granted by that Board on the ground "that decedent was not an employee of a Delaware employer, whose duties caused him temporarily to go beyond the territorial limits of this state". Appellant appealed to the Superior Court. After hearing in that court, both upon the merits and upon a motion by appellee to dismiss on the ground that there is no provision in the statute providing for an appeal in cases where the accident occurred outside the state, the motion to dismiss was granted by that court. Appellant took a writ of *certiorari* to this court.

We first consider the amendment to the statute in its relation to other sections thereof. Prior to the amendment of 1939 to the section now known as § 2303 of Title 19, *Del. C.* it was specifically provided in that section that the Industrial Accident Board should have no jurisdiction to hear cases arising out of accidents occurring outside the state. In the sections of that Act now known as § 2348(a) and § 2349 it was provided that the hearing should be held by the Board "in the city or county where the injury occurred" and that any appeal should be to the Superior Court "for the county in which the injury occurred". The amendment of 1939 to § 2303 added the following language: "except to accidents occurring to State employees outside the State while such employees are engaged in duly authorized business of the State, and except accidents occurring to Delaware employees whose duties require them to go temporarily beyond the territorial limits of the State, not over 90 days, when such employees are performing services for employers whose place of business is within the State." Sections 2348(a) and 2349 were left untouched by this amendment.

It will be seen that the amendment created a somewhat anomalous situation, in which is was provided by the amendment that the Industrial Accident Board should have jurisdiction to hear claims arising out of accidents occurring outside the territorial limits of the state, whereas, under sections 2348(a) and 2349, which relate solely to venue, no hearings could be held except in the city and county where the accident occurred and no appeals could be taken except to the Superior Court in the county in which the accident occurred. The question therefore with which this court is faced is whether or not the purpose of the legislature to place within the purview of the Workmen's Compensation Act certain accidents occurring outside the state is frustrated because of the failure on the part of the legislature to amend the latter sections of the Act.

We think that under § 2303 the Industrial Accident Board is given the same jurisdiction, within the limits of the statute, to hear cases of Delaware employees injured in an accident occurring outside the state as is given to it to hear cases in which the accident occurred within the territorial limits of the state. It is clear that the purpose of the amendment was to place those accidents occurring outside the state coming within the purview of the statute in the same category as cases in which accidents occurred within the state. To hold otherwise would be to defeat the entire purpose of the amendment, since even though the amendment gave the necessary jurisdiction to the Industrial Accident Board, under a contrary construction, under sections 2348(a) and 2349 that Board would not be permitted to hold hearings or the Superior Court to consider an appeal because the accident did not occur within the territorial limits of the state. The fact that sections 2348(a) and 2349 were not amended to conform with § 2303, as amended, does not defeat appellant's right to a hearing before the Industrial Accident Board or to an appeal therefrom to the Superior Court. Section 2303 is the jurisdictional section of the Act; sections 2348(a) and 2349 relate only to the venue, which both the Industrial Accident Board and the Superior Court have authority to correct.

■ When by statute jurisdiction is given to a court of general jurisdiction over a matter or thing, it is a settled rule of law that such grant of jurisdiction implies the necessary and usual natural power essential to effectuate it. *In re Catell*, 146 *Ohio St.* 112, 64 *N. E.* 2d 416, 164 *A. L. R.* 312; *Appeal of City of Erie*, 297 *Pa.* 260, 147 *A.* 58; *Arizona Public Service Co. v. Southern Union Gas Co.*, 76 *Ariz.* 373, 265 *P.* 2d 435.

■■ The Superior Court, as a court of general jurisdiction, has an inherent right to make rules of procedure. *Wilmington Trust Co. v. Baldwin*, 8 *W. W. Harr.* 595, 195 *A.* 287. In addition, both the Industrial Accident Board and the Superior Court are specifically authorized by statute to make such rules of procedure as may be necessary to carry out the purpose of the Act. Section 2121(a) of the Workmen's Compensation Act, Title 19, *Del. C.*, gives to the Industrial Accident Board authority to make its own rules of procedure for the purpose of carrying out the provisions of the Act. Section 2350 of this Act authorizes the Superior Court to prescribe and regulate the practice and procedure relative to "all appeals taken pursuant to this chapter". Of course, under a narrow interpretation of these sections, the above phrase could be construed as including only those cases which were expressly authorized prior to the amendment to § 2303. But we think that such a construction would not be a proper one in this case. Both the amendment to § 2303, relating to jurisdiction, and sections 2348(a) and 2349, relating to hearings before the Industrial Accident Board and to appeals before the Superior Court, were intended to be co-extensive with § 2303. We think that § 2350 should also be construed as giving the Superior Court the same authority in providing rules of procedure. To place any other construction thereon would lead to a most unreasonable and discriminatory result and should be rejected.

Was the Superior Court in error in dismissing the appeal on the ground that the statute did not provide for appeals, in cases where, as here, the accident occurred outside the territorial

limits of the state? The Superior Court based its decision to dismiss the appeal on the ground that the failure of the legislature to provide definitely for the taking of an appeal in cases where the accident occurred outside the territorial limits of the state indicated clearly that the legislature intended that no such appeal should be taken. That court did not formally consider the question of whether or not the Industrial Accident Board was warranted in dismissing appellant's claim because of the fact that the statute provided that the hearing should be held in the city and county where the accident occurred.

The Superior Court in its opinion followed the case of *Frank Desiderio Sons, Inc. v. Blunt,* 167 *A.* 29, 30, 11 *N. J.* Misc. 494. In that case the original statute of the State of New Jersey provided that the claim should be tried before the Court of Common Pleas " 'of such county *as would have jurisdiction of a civil case*' ". *L.* 1911, p. 141, § 18. Later the jurisdiction over such cases was transferred to the Workmen's Compensation Bureau and it was provided in the statute that an appeal could be taken from that Bureau " 'to the Court of Common Pleas of the *county in which hearing was heard*' ". *L.* 1918, p. 429, § 19. In a subsequent amendment restoring the right of appeal to the Court of Common Pleas this language relating to the appeal was changed to read " 'to the Court of Common Pleas of the *county in which such accident occurred*' ". *L.* 1932, c. 25, *N. J. S. A.* 34:15-66. The then Supreme Court of New Jersey (now Superior Court) held that no provision was made for the taking of an appeal to the Court of Common Pleas in cases in which the accident occurred outside the territorial limits of that State.

We think that the *Desiderio* case is not in point, and, if it were, we should reject its application to this case. That case is distinguishable from the present case on several grounds. First, the jurisdiction of the Court of Common Pleas was apparently limited, on appeal, to the county in which the accident occurred. *Stetser v. American Stores Co.,* 124 *N. J. L.* 228, 11 *A.* 2d 51; *Kelly v. Hackensack Water Co.,* 23 *N. J. Super.* 88, 92 *A.* 2d 506; *Rainess v. Grant Finishing Co., Inc.,* 132 *N. J. L.* 422, 41 *A.* 2d

127. In the second place, it will be noted in the cases above cited, and in other New Jersey cases subsequent to the *Desiderio* case —where the accident occurred outside the limits of that state— that appeals from the Workmen's Compensation Bureau of that State were taken to the then Supreme Court of New Jersey and later, after the amendment to the Constitution of that State, to the Superior Court of New Jersey. Perhaps most important, the change in the language of the section in question showed clearly that the legislature of the State of New Jersey intended that the Court of Common Pleas should have jurisdiction only in cases where the accidents occurred within the county where that court should sit. No such intention can be drawn from the circumstances attending the amendment to the statute in this state. Here, there is a clear intention on the part of the legislature to place certain accidents occurring outside the State of Delaware within the purview of the Workmen's Compensation Act; the failure to change the language in the later sections relating to procedure before the Industrial Accident Board and to appeals from that Board to the Superior Court was obviously an oversight. Moreover, since the jurisdiction of the Superior Court, unlike that of the Common Pleas Court of New Jersey, is statewide, there is here no jurisdictional problem such as existed with relation to the Common Pleas Court of New Jersey.

█ Appellee contends that the language of the statute is clear and that there is therefore no room for construction. It is true that if the pertinent sections are read separate and apart from each other and without due regard for the purpose of the statute as a whole the language of each section is not ambiguous. In some instances such an interpretation would eliminate an attempt at construction, but, as this court said in the case of *Magill v. North American Refractories Co., Del.,* 128 *A.* 2d 233, this rule, like all rules of statutory construction, has its limitations. If a literal interpretation leaves a result quite inconsistent with the general intent of the statute, such interpretation must give way to the general intent, even though the language of a specific section or clause would seem to be contrary thereto.

*Magill v. North American Refractories, supra; Darling Apartment Co. v. Springer,* 25 *Del. Ch.* 420, 22 *A.* 2d 397, 137 *A. L. R.* 803. This is particularly true where, as here, such literal interpretation would also lead to an unjust, absurd and michievous consequence. *Nigro v. Flinn,* 8 *W. W. Harr.* (38 *Del.*) 368, 192 *A.* 685. The purpose of the legislature in passing the amendment of 1939 was unquestionably to permit recovery for certain accidents occurring outside the state was well as for accidents occurring within the state. We do not think that the legislature intended to make any distinction between accidents occurring *within* the state and accidents occurring *outside* the state—under the provisions of the amendment—or that it did do so. It would be absurd for the legislature in one section of the law to give to the Industrial Accident Board jurisdiction over accidents occurring outside of the state without intending that the Industrial Accident Board should have jurisdiction to hear and determine claims arising thereunder and without the Superior Court, on appeal, having the same jurisdiction as in cases where the accident occurred within the state. Any other determination would obviously lead to a mischievous, absurd, and very unjust conclusion and should not be sustained.

Having determined that the Superior Court should have entertained the appeal, may we consider the second question argued, *viz.*: the correction of the holding of the Industrial Accident Board that it had no jurisdiction over the case?

Defendant insists that we may not do so. It contends that the Superior Court, once its jurisdiction is sustained, should first consider this question; and this court, says defendant, may not "by-pass" the Superior Court and review the correctness of the ruling of the Industrial Accident Board. This is merely to say that this Court may not decide a question not decided below. This is not correct. Whether this court will choose to decide a question not passed on below, or will choose to remand with instructions to the lower court to proceed to decide that question, is largely in the discretion of the court. Where it appears from the record that a case has been fully developed at the trial and

that the facts relating to the issue in question are undisputed and the only errors therein are errors of law, an appellate court on reversal will render final judgment or will remand the case to the lower court to enter judgment in accordance with the opinion, or with specific directions, rather than direct a new trial. See decisions cited in 3 *Am. Jur.*, Appeal and Error, § 1203, notes 4 & 5; 5 *C. J. S.*, Appeal and Error, § 1925, notes 39, 40, 41 & 42. In the case before this court the controlling facts are not in dispute. We therefore think that we may and should decide the second question.

Was decedent an employee of a Delaware employer, whose duties caused him to go temporarily beyond the territorial limits of the state as contemplated by the amendment to § 2303 of the Workmen's Compensation Act? The Industrial Accident Board found as a conclusion of fact that the decedent was not a Delaware employee, working for a Delaware employer in the State of Delaware, whose duties caused him temporarily to go beyond the territorial limits of the state. It is not entirely clear as to whether the Industrial Accident Board by such finding determined that the decedent was not employed by a Delaware employer or that he was not at the time of the accident temporarily engaged in business outside the state, or both. Since the determination of the question as to whether or not employer had a place of business in this state within the provisions of this Act is, we think, controlling, we shall assume that decedent's duties were primarily and to a greater extent performed in this state and that his employment outside of the state was of a temporary nature.

Appellant contends that decedent was employed by a Delaware employer, who had a place of business in Delaware as contemplated by the Act, making temporary trips only to Pennsylvania and Maryland. She says that this is so because decedent was employed by employer as its local agent in this state; that decedent had his home in Delaware, which he used as a basis for his operations; that employer furnished decedent with advertising brochures and business cards, showing the name, address

and telephone number of decedent with notice thereon that decedent was its local agent. However, it was not disputed in the testimony produced on her behalf that employer had no office, plant or warehouse under its name in this state. If it had a place of business within the meaning of the statute, it would necessarily have been the residence of decedent. But it is undisputed that the decedent was a mere soliciting agent and that the orders taken by him were subject to approval by his superiors.

In support of her contention appellant cites the cases of *Lutz v. State Workmen's Insurance Fund*, 124 *Pa. Super.* 149, 188 *A.* 364, and *Brown v. Ross Motor Lines*, 177 *Pa. Super.* 369, 110 *A.* 2d 839. She states that under these authorities decedent would have been considered as a Delaware employee. With the exception of the difference in the names of the two states, the Pennsylvania statute is word-for-word the same as the statute in this state. Under such circumstances, in an apposite case, a court of a sister state would give great weight to the utterance of an appellate court of another state. However, we think that these cases are quite different from the case before us, both in fact and in law.

In the *Lutz* case employee, a resident of New Jersey, was employed by a Pennsylvania corporation. His duties were to sell and deliver employer's goods from its truck for cash over a route wholly in the state of New Jersey. Employee came to employer's office in Philadelphia approximately once every two weeks for the purpose of settling with employer for the goods sold and for securing a new supply of merchandise. Employer asserted, and the court so found, that under the facts of that case employee was not a Pennsylvania employee as defined in the Workmen's Compensation Act of that state but rather an employee of the State of New Jersey.

In the *Brown* case both the facts and the question of law involved are similar to the *Lutz* case. What we shall say hereafter relative to the *Lutz* case applies equally to the *Brown* case.

We fail to see how these cases support appellant's contention. In the first place, the facts are quite different from the facts before this court. In the *Lutz* case employee was a resident of New Jersey, working in New Jersey, and coming to Philadelphia—admittedly the place of business of his employer—only for the purpose of rendering an accounting and for replenishing his stock of merchandise. The accident occurred in New Jersey. In the case before us, on the other hand, decedent was a resident of Delaware, who was injured in an accident occurring in Pennsylvania. Appellant's attempt at recovery is in the state of decedent's residence. The legal question before the Supreme Court of Pennsylvania was quite different. The question before that court was whether or not employee was a Pennsylvania employee whose work in New Jersey was of a temporary nature. Here the question is whether or not employer had a place of business in this state, a fact which was not in dispute in the *Lutz* case.

█ Decedent was not a Delaware employee within the meaning of § 2303 of the Workmen's Compensation Act. We think that the legislature used the words "place of business" as encompassing, if not synonymous with, the words "doing business" as the latter words are generally interpreted in the decisions of this state and elsewhere. The jurisdiction of the Industrial Accident Board to hear such claims was predicated upon the presence of the employer within this state for the purpose of doing business here. If this were not true, how could a plaintiff secure service upon an out-of-state employer? Indeed, in the case before us, it would appear that jurisdiction over the employer was obtained only by his voluntary appearance within this jurisdiction and probably could not have been otherwise obtained.

█ We think that the statutes above referred to should be construed as being in *pari materia* with 8 *Del. C.* § 343(2) relating to foreign corporations doing business in this state. In the latter section it is provided that a foreign corporation should not be considered as doing business in this state

solely by reason of the fact that it employs salesmen to solicit orders in this state for goods to be shipped to the purchaser from the office of the corporation outside the state, all orders being subject to approval at the offices of the corporation without the state, and where no sales, repairs or replacements are made from stock on hand in this state.

In the case of *Klein v. Sunbeam Corporation*, 8 *Terry* (47 *Del.*) 526, 94 *A.* 2d 385, this court approved the contention that § 343 defined for all purposes what shall constitute "doing business" by a foreign corporation and what shall be an act sufficient to exempt a foreign corporation from the service of process and suit in Delaware courts.

It does not require any construction to interpret this section as specifically exempting the employer corporation for having to register as doing business in this state where, as here, the authority of its salesmen was limited to soliciting orders subject to the approval by the employer and where shipment was direct from the employer to the purchaser. We think that this case is in line with the exemption provided by the statute and does not therefore constitute doing business or having a place of business in this state within the purview of § 2303 of the Workmen's Compensation Act. The residence of deceased employee could be the place of business of the employer only if it was doing business there in the sense that it would be subject to suit in this state. In the absence of statute, we think that the law would be the same. See cases cited in 60 *A. L. R.* 1012 and 101 *A. L. R.* 126.

The judgment of the Superior Court dismissing the appeal because of the lack of jurisdiction is reversed. The cause is remanded to that court with instructions to vacate the order of August 22, 1956, and to enter a judgment affirming the order of the Industrial Accident Board dismissing the claim.