**NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation, Plaintiff,**

v.

**Lewis KRONGOLD et al., Defendants.**

Supreme Court of Delaware.

April 5, 1974.

Charles K. Keil and Richard K. Herrmann of Bayard, Brill & Handelman, Wilmington, for plaintiff.

David Roeberg of Potter & Roeberg, Wilmington, for defendants.

CAREY and DUFFY, Justices, and BROWN, Vice-Chancellor, sitting.

BROWN, Vice-Chancellor.

In this matter certification was accepted from the Superior Court pursuant to Rule 20, Del.C.Ann., on six separate questions of law. By subsequent stipulation of the parties it was agreed that the first question certified was of the more pressing importance and should be resolved in advance of any decision on the others. The issue thus presently before the Court is an interpretation of a provision of the Delaware Motorist Protection Act (commonly referred to as the Delaware "no-fault" insurance law) which became effective on May 27, 1971.

This statute is found at 21 Del.C. § 2118 and, as to that portion of it here applicable, it reads as follows:

"(a) No owner of a motor vehicle registered in this State, other than a self-insurer pursuant to § 2906 of Title 21, Delaware Code, shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:

"(1) Indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle *to the limit, exclusive of interest and costs, of at least $25,000 for any 1 accident or to the limit of the Financial Responsibility Law of this State, whichever is greater."* (Emphasis added)

Subsection (a)(2) of Section 2118 sets forth the required personal injury protection coverage for injuries, medical expenses and other damages arising out of an accident involving the insured vehicle regardless of liability. This is the "no-fault" provision. The amount of this coverage is established as follows in the last two sentences of 21 Del.C. § 2118(a)(2):

*"This compensation shall have minimum limits of $10,000 for any 1 person and $20,000 for all persons injured in any 1 accident.* The compensation for funeral services pursuant to subsection (a)(2) shall not exceed the sum of $2,000 per person." (Emphasis added)

The Financial Responsibility Law referred to in Subsection (a)(1), and which is found at 21 Del.C. § 2904, reads in pertinent part as follows:

"(b) Such owner's policy of liability insurance shall—

\*   \*   \*   \*   \*   \*

"(2) Insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, *against loss from the liability imposed by law* for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, *subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $10,000, because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, $20,000, because of bodily injury to or death of two or more persons in any one accident, and $5,000, because of injury to or destruction of* property of others in any one accident." (Emphasis added)

■ The emphasized portions of the foregoing statutes form the basis for the question certified, which is stated as follows:

"Does the minimum coverage required pursuant to 21 Del.C. § 2118(a)(1) call for multi-limit coverage of $10,000 for one injury per accident, $20,000 for multiple injuries per accident, and $5,000 property damage per accident or single limit coverage of $25,000?"

In answer, we are of the opinion that the minimum coverage required is the multi-limit coverage, commonly referred to as

10/20/5, and not single limit coverage of $25,000 per accident. Our determination is based on the following reasons.

■ First of all, the wording of Section 2118(a)(1) obviously requires that it be read together with the minimum liability coverage limits of 21 Del.C. § 2904(b). It establishes minimum coverage at "$25,000 for any 1 accident or to the limit of the Financial Responsibility Law of this State, whichever is greater". Thus, under the Motorist Protection Act, before an owner may legally operate a registered motor vehicle, resort must be had to the minimum coverage required under 21 Del.C. § 2904(b) to determine whether the coverage required as a prerequisite to lawful operation is the $25,000 specified in the statute, or something more. If a determination of the coverage required by one statute cannot be made without reference to the other, then common sense dictates that the General Assembly intended them to be read together. If this was not intended, it would have been simple enough for the General Assembly to have said so.

It is argued by the proponents of the single limit interpretation that the intent of the statute is clear and unambiguous, and thus does not permit the application of the general rules pertaining to statutory construction. They say that the requirement of "at least $25,000 for any 1 accident" means just that, and that consequently the responsibility of the insurer is to provide a total coverage of $25,000 for any one accident to be payable up to that amount as the injuries and damages may appear, regardless of whether there be injury to only one person, injury to several persons, property damage, or any combination thereof.

For example, if an expensive vehicle is totally destroyed with accompanying serious injury to an occupant, and the property damage is $10,000 and the personal injury is worth $15,000, then it is argued that the coverage required by Section 2118(a)(1) for that one accident must be sufficient to take care of both. Likewise, if there is personal injury to only one person which exceeds $10,000, or which exceeds $25,000 for that matter, then the insurance required must be such as to cover the full amount due to that person, up to the minimum limit of $25,000. It is contended that such coverage is greater than that required by the Financial Responsibility Law, which, by its minimum standards, limits the required amount for property damage coverage to $5,000, personal injury coverage to $10,000 for any one person, and $25,000 total for any one accident, and that consequently single-limit coverage is mandated by Section 2118(a)(1). It is further argued that by Section 2118(a)(2) the General Assembly specified that the minimum "nofault" coverage be $10,000 for any one person and $20,000 for all persons injured in any one accident, and that it would not have failed to make the same distinction in the preceding paragraph of the same statute if multi-limit coverage had been the purpose.

■ While superficially these contentions seem to have merit, we feel that other factors are more persuasive. For one thing, to espouse such a rationale is to assume that the General Assembly provided for a reference to the Financial Responsibility Law with full knowledge at the time that it called for lesser coverage and thus could have no effect on the single-limit required by the very statute directing the comparison. A statute will not be construed so as to require an absurd or unworkable result. E. I. DuPont De Nemours & Co. v. Clark, Del.Supr., 32 Del.Ch. 527, 88 A.2d 436 (1952); Kelley v. Mayor and Council of Dover, Del.Ch., 300 A.2d 31 (1972). While the reference may not be patently absurd, it heads in that direction if the above argument is accepted, because it would provide for a meaningless comparison.

More significantly, the financial responsibility statutes require that an owner of a motor vehicle provide proof, after being involved in an accident, of his ability to pay any damages thereafter determined to

be due from him as a condition to the continuation of his driving privileges. To adopt the argument in favor of single-limit coverage under Section 2118(a)(1) would be the equivalent of finding a legislative intent to require verification of a broader insurance coverage prior to an accident than would be necessary to maintain driving privileges after an accident has occurred. What would be the logic in requiring the owner to have one type of liability coverage in order to validly register and operate his vehicle while at the same time making it sufficient for him to show a different type of liability coverage after he has been involved in an accident?

In addition, the General Assembly has consistently provided throughout the previous financial responsibility statutes that the minimum guarantee necessary for the protection of the public shall be in the form of multi-limit coverage. See 21 Del. C. § 2904(b)(2), supra; 21 Del.C. § 2925(a) (requiring multi-type coverage where bond is posted after an accident); and 21 Del.C. § 2944(2), (3) (pertaining to the satisfaction of judgments). The underlying purpose of the multi-limit coverage is obviously to insure a fair distribution of the minimum insurance proceeds to those involved in a single accident. Single-limit coverage does not necessarily allow for distribution among several claimants, and thus sets up a situation wherein the winner of the race to a judgment may take all at the expense of other claimants. In the absence of a clearly expressed intention to do so, we do not feel it appropriate to construe the statute in such a manner as to alter the previously existing statutory policy in favor of one which would establish a preference for the party getting to the courthouse first.

The object of statutory construction is to give a sensible and practical meaning to the statute as a whole in order that it may be applied in future cases without difficulty, E. I. DuPont De Nemours & Co. v. Clark, supra, and if a literal interpretation leaves a result inconsistent with the general statutory intention, such interpretation must give way to the general intent. This is particularly true where such a literal interpretation would lead to unjust and mischievous consequences. Magill v. North American Refractories Company, Del.Supr., 36 Del.Ch. 185, 128 A.2d 233 (1956); Knox v. Georgia-Pacific Plywood Company, Del.Supr., 11 Terry 315, 130 A. 2d 347 (1957). We feel that to adopt a construction which would mandate single-limit coverage under 21 Del.C. § 2118(a)(1) in the face of the multi-limit requirements of the other portions of the Motorist Protection Act and the Financial Responsibility Law to which it refers would be to violate the above principle and produce consequences of the type proscribed.

Another element which supports this conclusion is the fact that the State Insurance Commissioner, whose office was actively involved in the passage of the Motorist Protection Act and who is authorized to adopt regulations for its implementation, has interpreted Section 2118(a)(1) as requiring multi-limit coverage. See Regulations No. 6 and No. 9 under the Delaware Motorist Protection Act —1971 as promulgated by the Insurance Commissioner, effective October 1, 1971. While the ruling of an administrative agency is not necessarily controlling on a court, it is entitled to some weight unless clearly wrong. Connell v. Delaware Aircraft Industries, Del.Super., 5 Terry 86, 55 A.2d 637 (1947).

Finally, by amendment passed on June 29, 1973, during the pendency of this litigation, the General Assembly amended Section 2118(a)(1) by deleting the troublesome language "$25,000 for any one accident" and "whichever is greater" so that the statute now requires coverage equivalent to the limits prescribed by the Financial Responsibility Law. Again, while this action is not controlling as to the proper interpretation to be accorded prior to the amendment, it does reinforce our conclu-

sions as set forth previously that the over-all statutory scheme was to continue the multi-limit 10/20/5 coverage as the minimum standard for liability insurance necessary to the lawful operation of a motor vehicle in this State.

Accordingly, the question for certification is answered in the manner herein set forth.