Phillip CUNNINGHAM, Plaintiff,

v.

ACRO EXTRUSION CORP.
Defendants.

C.A. No. 98C–05–167.

Superior Court of Delaware,
New Castle County.

Submitted: Nov. 2, 2000.

Decided: Feb. 28, 2001.

Gary S. Nitsche, Esquire of Weik, Nitsche & Dougherty, Wilmington, for plaintiff.

Nancy Chrissinger Cobb, Esquire of Chrissinger & Baumberger, Wilmington, for defendant.

## MEMORANDUM OPINION

ALFORD, J.

On this 28th day of February, 2001, upon consideration of Acro Extrusion Corporation's ("Defendant") Motion for Summary Judgment and Phillip Cunningham's ("Plaintiff") Cross–Motion for Summary Judgment, it appears to the Court that:

### FACTS

On January 28, 1998 the Industrial Accident Board ("Board") mailed its decision to the parties, both granting and denying certain workers compensation benefits. The Board awarded Plaintiff permanency benefits and medical expenses, but denied his claim for both permanent partial and total disability benefits. On February 12, 1998, Plaintiff filed a Motion for Reargument to the Board, dealing only with the issue of temporary partial disability benefits because the Board's decision did not address the claim. The Board "granted" the Motion for Reargument and ordered an evidentiary hearing. The evidentiary hearing was held on June 29, 1998 and the Board issued its decision on July 10, 1998 denying Plaintiff's claim for temporary partial disability benefits.

On April 9, 1998, during the time period that Plaintiff's Motion for Reargument was pending before the Board, Plaintiff sent a "Huffman" [1] letter to Defendant demanding payment for permanency benefits and medical expenses; the portions of the award not at issue in the Motion for Reargument. Defendant did not pay at that point. Plaintiff filed this action on May 18, 1998 seeking payment of the award and liquidated damages pursuant to 19 *Del. C.* § 1103 and § 2357. Furthermore, Plaintiff sent two additional letters on July 16, 1998 and September 21, 1998, requesting payment. Defendant eventually paid permanency benefits, attorneys fees, and other costs on October 14, 1998.

### STANDARD OF REVIEW

Summary judgment is appropriate when the moving party has shown that there are no genuine issues of material fact and that he/she is entitled to judgment as a matter of law.[2] In considering a Motion for Summary Judgment, the Court must weigh the facts in the light most favorable to the non-moving party.[3] Summary judgment will not be granted under circumstances where the record reasonably indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into

---

**1.** *See Huffman v. Oliphant,* Del.Supr. 432 A.2d 1207 (1981).

**2.** *Moore v. Sizemore,* Del.Supr., 405 A.2d 679 (1979).

**3.** *Id.*

the facts in order to clarify the application of law to the circumstances.[4]

## DISCUSSION

Defendant argues that it is not liable pursuant to 19 *Del C.* § 2357 because Plaintiff's Huffman demand was not valid since it was made prior to the appeal period running. Defendant argues that the appeal period had not started to run because Plaintiff filed a Motion for Reargument to the Board which pursuant to the Board's rules, tolled the time for filing an appeal as to the whole decision rather than only the portion set forth in the Motion for Reargument. Defendant argues that this case is distinguished from *Johnson v. General Motors Corporation*[5] and *Keeler v. Metal Masters Foodservice Equipment Company*[6], which Plaintiff heavily relies upon, in that those cases involved an appeal filed to contest a part of an award and a Huffman demand made as to the unappealed portions. Defendant argues that in this case Plaintiff filed a Motion for Reargument, which the Board granted and re-opened the hearing. Defendant argues therefore, that the Board's decision was not final as to any part of the decision, as was found to be the case in *Johnson* and *Keeler*. Defendant further argues that this distinction is supported by Industrial Accident Board Rule 21[7] because it does not provide for a limited motion for reargument. Defendant further contends that because the Board's decision was not final, the demand for payment was not "proper" pursuant to *Huffman* and *Curry v. State*.[8] According to Defendant, a demand for payment is not a "viable demand" until the expiration of the appeal period. Thus, Defendant argues, payment was not due nor in default when Plaintiff made his demand in April.

Plaintiff argues that the Motion for Reargument tolled the appeal process only as to the issue of temporary partial disability and nothing else. Plaintiff argues that the *Johnson* and *Keeler* cases support his proposition. Plaintiff submits that although the *Keeler* case dealt specifically with an appeal of a single portion of an award, the *Keeler* Court also addressed the issue as it applies to reargument. Plaintiff asserts that when the Court in *Keeler* stated that "upon remand and a rehearing, the Board should not be permitted to reconsider the unappealed portions of the award,"[9] the Court was referring to an appeal and/or motion to reargue. Plaintiff also argues that Industrial Accident Board Rule 21 supports this proposition. Plaintiff contends that Rule 21 has the same "jurisdictional basis" as reflected in 19 *Del. C.* § 2349. Plaintiff cites to the portion of Rule 21 which states "[t]he time under Section 2349 will begin anew when the published decision of the rehearing or reargument is received by the parties." Plaintiff argues that this language is only referring to the particular issue submitted for reargument; not the entire case. Plaintiff posits that interpreting the Rule otherwise would result in withholding the

---

4. *Ebersole v. Lowengrub*, Del.Supr., 180 A.2d 467 (1962).

5. *Johnson v. General Motors Corp.*, Del.Super., C.A. No. 89C–JA–46, Taylor, J., 1990 WL 18397 (Feb. 5, 1990) (ORDER).

6. *Keeler v. Metal Masters Foodservice Equip. Co.*, Del.Super., 768 A.2d 979 (1999) (Mem. Op.), *aff'd*, 755 A.2d 389 (2000).

7. Formerly Rule 22(A).

8. *Curry v. State*, Del.Super., C.A. No. 82C–JN–43, O'Hara, J., 1983 WL 473182 (July 22, 1983) (Let.Op.).

9. *Keeler* at 982–83; Motion for Summary Judgment Tr. at 19–20.

payment of benefits while a single issue is being argued and decided.

█ " 'An award of the Board' shall be final and conclusive unless appealed within [30] days." [10] Both parties rely heavily on the *Johnson* and *Keeler* decisions; Plaintiff to support and Defendant to distinguish. In *Johnson* the Board awarded the claimant partial disability for intermittent days for six months, total disability with an ending date, medical expenses, and attorney fees.[11] The claimant appealed only the portion of the decision that determined the total disability ending date. While the appeal was pending the claimant filed suit against the employer for nonpayment of the uncontested portion of the award. The *Johnson* Court held that the award of compensation which was not the subject of the appeal became final upon the expiration of the appeal period.[12] In *Keeler* the claimant was awarded total disability benefits, temporary partial disability benefits, medical witness fees, and attorney fees. The claimant filed an appeal contesting only the portion of the award discontinuing the total disability benefits on a certain date. While the appeal was pending, the employer failed to pay the unappealed awards. The claimant then made a demand for payment on three separate occasions. Since the employer still failed to pay, the claimant filed suit pursuant to

*Huffman* and 19 *Del. C.* § 1113.[13] The employer's position was that the Board's award did not become final until the appellate process ran its course, i.e., after appeal to the Supreme Court. The *Keeler* Court held that "the awards not appealed are deemed final and conclusive upon expiration of the time for an appeal." [14]

In the case *sub judice*, Plaintiff filed a Motion for Reargument to the Board contesting a limited portion of the award. The Court finds that this distinguishes the instant case from *Johnson* and *Keeler*. Although Plaintiff argues vigorously that the language in *Keeler* stating "upon remand and a rehearing, the Board should not be permitted to reconsider the unappealed portions of the award," includes a motion for reargument, the Court finds that it does not. The Court finds that the language encompasses remands from Superior Court to the Board ordering a rehearing; not a motion for reargument filed directly to the Board.

An appeal of a worker's compensation award is governed by 19 *Del. C.* § 2349 and the process for filing the appeal is governed in Superior Court Civil Rule 72. However, the Board, as does Superior Court, has its own rules governing procedure including a motion for reargument, which the Court cannot ignore.[15] Industrial Accident Board Rule 21 provides that

---

10.  *Keeler* at 983 (citing 19 *Del. C.* § 2349).

11.  *See Johnson* at 1.

12.  *Id.* at 2.

13.  The claimant's suit also included a claim for wrongful termination of worker's compensation benefits but that claim is not relevant for this discussion.

14.  *Keeler* at 983 (citing *Pollard v. Placers, Inc.*, Del.Supr., 692 A.2d 879, 880 (1997); *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (1958)).

15.  *See* 19 *Del. C.* § 2122(a) (stating in pertinent that "[t]he Board may make its own rules for procedure for carrying out Part II of this title . . . ."); *Knox v. Georgia–Pacific Plywood Co.*, Del.Supr., 130 A.2d 347 (1957); *Delmarva Warehouse v. Yoder*, Del.Super., C.A. No. 99A–03–003, Barron, J., 1999 WL 1568346 (Aug. 26, 1999) (ORDER); *McIntosh v. Chrysler Corp.*, Del.Super., C.A. No. 94A–03–006, Biffrato, R.J., 1995 WL 339078 (Mar. 16, 1995) (Mem.Op.); *Malinowski v. Ponns and Thomas*, Del.Super., C.A. No. 92A–10–12, Herlihy, J., 1993 WL 189483 (May 6, 1993) (Mem.Op.).

"[a] properly submitted application for re-hearing or reargument within 10 days of a parties' receipt of a Board decision will toll the Statute of Limitation under 19 Del. C. Section 2349." Rule 21 further provides that "[t]he time under Section 2349 will begin anew when the published decision of the rehearing or reargument is received by the parties." The Court finds that Rule 21 does not provide for a "limited" motion for reargument that only tolls the time for an appeal of the portion that is the subject of reconsideration.[16] Once a party files a motion for reargument of the Board's decision, the time for appealing the entire decision is tolled pursuant to Rule 21. Additionally, Superior Court Civil Rule 72 mandates that the period for taking an appeal runs from the date of the entry of the final judgment of the Board. Since the motion for reargument was pending, the Board's decision was not final when Plaintiff made his demand for payment on April 9, 1998. On July 16, 1998 when the Board decided Plaintiff's Motion for Reargument, the decision became final and the time for taking an appeal began to run.

■ Defendant argues that since Plaintiff made a demand for payment before the Board's decision became final and consequently before payment of the award became due, the demand was neither proper nor "viable" and therefore unenforceable under 19 Del. C. § 2357. Defendant further contends that its position is supported in *Curry v. State*[17]. Plaintiff argues that even if the Court finds the Huffman demand did not take effect in April because the Board's decision was not yet final, Defendant still did not pay the awards until three months after the Board issued its July decision and therefore is nevertheless entitled to damages under 19 *Del. C.* § 2357.

Defendant's position, that a Huffman demand made before the Board's decision becomes final is invalid and therefore not subject to section 2357 damages, infers that Plaintiff should be required to i) make a second demand when the decision became final and ii) wait an additional 30 days before Defendant would be in default, to collect damages under section 2357. The Court rejects this contention given the statutory intent of worker's compensation law. "The philosophy of the Workmen's Compensation Law is to give an injured employee, irrespective of the merits of his cause of action, a *prompt and sure means* of receiving compensation and medical care *without subjecting himself to the hazards and delays of a lawsuit*"[18] (emphasis added) Defendant's position is completely contrary to the purpose of worker's compensation law. In fact in other jurisdictions worker's compensation law generally provides that pending an appeal, "a stay [of payments of an award] will not issue in the absence of a showing that the employer will not suffer irreparable harm."[19] Some states have held that the possibility that the employer will not be able to recover payments made from the claimant, if the employer should win the appeal, is not a sufficient showing of irreparable harm by

16. *See Simmons v. Delaware State Hospital*, Del.Super., C.A. No. 93A–10–008, Bifferato, R.J., 1993 WL 562185 (Dec. 29, 1993) (ORDER).

17. *Curry v. State*, Del.Super., C.A. No. 82C–JN–43, O'Hara, J., 1983 WL 473182 (July 22, 1983) (Let.Op).

18. *Rafferty v. Hartman Walsh Painting* Co., Del.Supr.,760 A.2d 157, 158 (2000) (quoting *Frank C. Sparks Co. v. Huber Baking Co.*, Del.Supr., 96 A.2d 456, 461 (1953)); *State v. Cephas*, Del.Supr., 637 A.2d 20, 23 (1994) (quoting *Frank C. Sparks Co.*, 96 A.2d. at 461).

19. 5 Larson, Workmen's Compensation Law, § 130.08[4], at 147 (citations omitted).

itself.[20] While other jurisdictions have held that an employer is not entitled to reimbursement, even if it prevails on appeal.[21]

Therefore, contrary to Defendant's arguments, the Court has found no support for the proposition that a claimant should be required to make a second demand for payment once the Board's decision becomes final, in order to start the clock running pursuant to section 2357. Furthermore, the Court finds nothing set forth in the *Curry* nor any other decision that requires a second demand be made.[22] This makes sense given that section 2357 is nothing more than a notice device. Requiring a claimant to make a demand for payment puts the employer on notice that the claimant expects prompt payment of the compensation awarded. In this case, Defendant was on notice when the Board issued its July 16, 1998 decision and as of the subsequent expiration of the appeal period since a demand for payment was made in April. It defies logic and is contrary to the philosophy of worker's compensation law, to require a second demand.

The Court finds that the section 2357 default period began to run seven (7) days after the expiration of the appeal period to Superior Court. Section 2357 provides for damages "after demand in the payment of any amount *due* . . . ." (emphasis added) According to Industrial Accident Board Rule 20(B) the first payment of an award

is due "not later than seven (7) days after the appeal period has run." Rule 20(B) provides specifically in pertinent that: "When an award has been made by the Board, the first payment of compensation shall be drawn to the claimant's order but not later than seven (7) days after the appeal period has run . . . ." It appears to the Court that Rule 20(B) grants the employer time to determine whether an appeal will be taken and if one is not, requires the employer to pay no later than seven (7) days after the expiration of the appeal. Accordingly, the time for taking an appeal began to run on July 16, 1998; the award was "due" not later than August 25, 1998, seven days after the appeal period ran[23]; and therefore the 30 day default period pursuant to section 2357 expired on September 25, 1998.[24] Therefore, the Court finds that Plaintiff is entitled to damages as provided by sections 2357 and 1103 from September 25, 1998 to the date on which payment of the award was made.

■ Lastly, Defendant argues that summary judgment is appropriate in its favor because pursuant to 19 *Del. C.* § 1103, Defendant must have had a reasonable belief that it owed the award of compensation. Defendant argues that under the facts of this case no reasonable jury could find that Defendant did not have a reasonable basis for believing the award was not owing. The Court finds that there is no merit to this argument given that i) Indus-

20. *Id.*

21. *Id.*

22. The *Curry* Court specifically found that:
   With respect to 19 Del. C. § 2357 and its application to the present circumstances, and even though the claimant made demands for his award on May 4, and May 18, 1982, before the default period began to run the employer managed to pay the award prior to the expiration of the 30 day default period in § 2357. The earliest date on which the default period could have

expired was June 20, 1982. The State paid the award on June 17, 1982, thereby extinguishing any claim for damages under the provisions of 19 Del. C. Chapters 11 and 23.

23. The seven days started to run on Monday, August 17, 1998, excluding weekend days, because the appeal period expired on Saturday, August 15, 1998.

24. September 7, 1998 was excluded because it was a holiday.

trial Accident Rule 20(B) sets forth the time frame in which payment is due; ii) Plaintiff made a demand for payment in April; and iii) Plaintiff sent subsequent letters on July 16, 1998 and September 21, 1998. Additionally, Defendant has never appealed the award or disputed the award in any other manner but yet did not pay Plaintiff until October. Contrary to Defendant's argument, the Court finds that no reasonable jury would find that Defendant did not have a "reasonable belief" that the money was owing by the end of the default period in September, and therefore Defendant's argument fails as a matter of law.

For the forgoing reasons, Defendant's Motion for Summary Judgment is hereby **DENIED** and Plaintiff's Cross–Motion for Summary Judgment is hereby **GRANTED**. Counsel shall confer and submit a form of final order in accordance with this decision within ten (10) days.

**IT IS SO ORDERED.**