STATE of Delaware, Employer
Below, Appellant,

v.

Teri STEEN, as Guardian Ad Litem for
Wayne Steen, a Disabled Person,
Claimant Below, Appellee.

No. 57, 1998

Supreme Court of Delaware.

Submitted: Sept. 14, 1998.

Decided: Oct. 22, 1998.

Todd M. Finchler, of Tybout, Redfearn & Pell, Wilmington, Delaware, for appellant.

Edward B. Carter, Jr., and William R. Peltz, of Kimmel, Carter, Roman & Peltz, P.A., Wilmington, Delaware, for appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, Justices (constituting the Court en Banc).

HOLLAND, Justice:

This is an appeal by the employer-appellant, State of Delaware ("State"), from a judgment of the Superior Court. That judgment affirmed the Industrial Accident Board's ("Board") award of workers' compensation to the claimant-appellee, Wayne Steen ("Steen"). The final judgment on appeal to

this Court was issued by the Superior Court following a second hearing before the Board. The Board's prior decision, denying Steen's claim, had been reversed and remanded by the Superior Court.

The State has raised one issue on appeal. It argues that the Superior Court erred, as a matter of law, by affirming the Board's ruling not to permit the parties to offer evidence or legal argument during the Board hearing upon remand. We agree. Accordingly, the matter must be remanded to the Board for a new hearing, in accordance with the mandates of applicable Delaware statutes.

### Facts

On June 12, 1995, Steen suffered a ruptured aneurysm in his brain. He began to experience symptoms of the rupture while performing his regular duties as the Deputy Chief of the Mill Creek Volunteer Fire Company.[1] At the time, he was the officer in charge of a car accident that had seriously injured five people, including one teenage girl who died at the scene. While giving instructions to fire department personnel, Steen said he did not feel well. He stated that his head hurt and his ears were ringing. Two other firemen escorted Steen to the back of the fire truck, where he began to vomit.

Steen was rushed to the emergency room of Christiana Hospital. After being taken to the trauma room and placed on a respirator, Steen was examined by Dr. Najam. Kazmi, M.D. ("Dr. Kazmi"), a board certified neurosurgeon. Dr. Kazmi ordered a CAT scan and an arteriogram. The tests indicated that Steen had suffered a subarachnoid hemorrhage secondary to a ruptured aneurysm in the anterior portion of his brain. As a result, Steen is permanently disabled and confined to a wheelchair for the remainder of his life.

### Board's First Decision

On March 22, 1996, Steen filed a Petition to Determine Compensation Due before the

---

1. Volunteer firemen are treated as State employees for purposes of workmen's compensation, pursuant to 19 Del.C. § 2312.

Board. The Board convened an evidentiary hearing on July 9, 1996. The Board denied Steen's petition on October 28, 1996. Steen appealed to the Superior Court.

The primary issue on the first appeal to the Superior Court was the proper legal standard of proximate causation to apply in examining Steen's claim for workers' compensation. At the first hearing, the Board accepted the parties mutual agreement to apply the "but for" standard of proximate causation. The Superior Court held that the Board erred, as a matter of law, by not using the "substantial factor" standard of proximate cause to evaluate Steen's claim. Therefore, the Superior Court issued an opinion reversing the decision of the Board and remanding the case to the Board for a new hearing.

### Proximate Cause Standard
### Substantial Factor or But For
### Workers' Compensation Determinations

In the context of addressing Delaware's new contributory negligence statute in a *tort* case, this Court noted that the "but for" test and the "substantial factor" test are two different standards for determining proximate cause. *Culver v. Bennett*, Del.Supr., 588 A.2d 1094, 1097 (1991) (citing W. Keeton, Prosser and Keeton on the Law of Torts 266 (5th ed.1984)). Prosser and Keeton have summarized the "but for" or *sine qua non* rule as: "The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event, if the event would have occurred without it." *Prosser and Keeton on Torts* 266. Prosser and Keeton have summarized the "substantial factor" rule as: "the defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about." *Id.* at 267.

■ In *Culver*, this Court held that in Delaware *tort* cases, proximate cause must

be determined *exclusively* by an application of the "but for" standard. *Culver v. Bennett*, 588 A.2d at 1099. Similarly, in *Reese v. Home Budget Center*, in the context. of a specific and identifiable industrial accident, this Court held that "the 'but for' definition of proximate cause in the substantive law of torts finds equal application in fixing the relationship between an acknowledged industrial accident and its aftermath." *Reese v. Home Budget Center*, Del.Supr., 619 A.2d 907, 910 (1992). In *Reese*, we explained .

> If the worker had a preexisting disposition to a certain physical or emotional injury which had not manifested itself prior to the time of the accident, an injury attributable to the accident is compensable if the injury would not have occurred but for the accident. The accident need not be the sole cause or even a substantial cause of the injury. If the accident provides the "setting" or "trigger," causation is satisfied for purposes of compensability.

619 A.2d at 910. We reaffirm that holding in *Reese*: when there is an identifiable industrial accident, the compensability of any resultant injury must be determined *exclusively* by an application of the "but for" standard of proximate cause. *Id.*

■ In cases where a claimant is injured by the aggravation of a pre-existing condition *and* there is no identifiable industrial accident, however, causation is governed by the usual exertion rule. *Duvall v. Charles Connell Roofing*, Del.Supr., 564 A.2d 1132, 1136 (1989).[2] The usual exertion rule provides that the injury is compensable, notwithstanding the previous condition, if the ordinary stress and strain of employment is a "substantial factor" in causing the injury. *Id.* In *Reese*, this Court explained that the substantial factor standard of proximate cause was adopted in *Duvall* "because of the difficulty of identifying a specific link between regular job-related duties and the aggravation of preexisting ailments." *Reese v. Home Budget Center*, 619 A.2d at 911.

---

**2.** In *Duvall,* the claimant exacerbated a pre-existing back condition while performing routine duties at work. Workers compensation benefits were denied because he was not engaged in "unusual exertion" at the time of the injury. On appeal, this Court abandoned the "unusual exertion" rule for pre-existing conditions and adopted instead the "usual exertion" rule. *Duvall v. Charles Connell Roofing,* Del.Supr., 564 A.2d 1132, 1133 (1989).

■ A similar difficulty was also recognized by this Court when a claimant seeks workers' compensation for a mental injury that was not the result of a specific trauma but rather was due to gradual and ordinary job-related stress. *See State v. Cephas*, Del.Supr., 637 A.2d 20 (1994). In *Cephas*, this Court reaffirmed the distinction between the factual predicate for determining compensability pursuant to either the "but for" standard of proximate cause, as explained in the *Reese* holding, or the "substantial factor" standard of proximate cause, as adopted in the *Duvall* holding. *Id.* at 27–28. An injured claimant can recover workers' compensation benefits when there is no specifically identifiable physical industrial accident, as long as the ordinary stress and strain of employment is a substantial factor in proximately causing the injury. *State v. Cephas*, 637 A.2d at 27. *Accord Reese v. Home Budget Center*, Del.Supr., 619 A.2d 907, 911 (1992); *Duvall v. Charles Connell Roofing*, Del.Supr., 564 A.2d 1132, 1136 (1989). *See also Page v. Hercules*, Del.Supr., 637 A.2d 29, 33 (1994).

### Superior Court's First Opinion
### Legal Standard of Causation Correctly Decided

In this case, the record reflects that Steen had an "unknown pre-existing physical condition or defect" in the form of a brain aneurysm. The medical experts for both parties testified that Steen's aneurysm had probably existed for as long as five to ten years before it ruptured. Thus, it is undisputed that Steen had an aneurysm of which he was unaware until the day it ruptured during the performance of his ordinary duties as a volunteer fireman.

■ The Superior Court's analysis of the difference between and application of the "but for" and "substantial factor" standards of proximate cause was thorough and entirely correct. The "substantial factor" standard is used in Delaware to determine whether the usual conditions of employment provided the causative nexus for compensability *only* in the absence of an industrial accident "because of the difficulty of identifying a specific link between regular job-related duties and the aggravation of preexisting ailments." *Reese v. Home Budget Center*, Del.Supr., 619 A.2d 907, 911 (1992). Because Steen's aneurysm was pre-existing and because Steen did not experience an identifiable physical accident, the Superior Court properly held that, as a matter of law, the substantial factor standard of proximate cause, as explained in *Duvall*, had to be applied by the Board in determining the compensability of Steen's claim.

The Superior Court then ended its first opinion, as follows: "For all the foregoing reasons, the decision of the Industrial Accident Board denying Wayne Steen's petition for workmen's compensation benefits is reversed, and the cause is remanded to the Board for further consideration consistent with this Opinion."

### Board Hearing on Remand

Following the Superior Court's remand, the Board wrote a letter to the parties, informing them that the Board would convene for the hearing after remand on May 14, 1997. The Board advised the parties that no additional evidence or testimony would be permitted. The State's attorney inquired whether legal argument could be presented at the remand hearing. The Board replied that the attorneys could attend the hearing but could not participate.

At the remand hearing, the attorney for the State again inquired whether legal argument would be permitted. The Board again stated that counsel for the parties could not participate in the hearing. The Board then permitted the parties' attorneys to listen to its deliberations, but refused to allow the parties' either to submit evidence or make any legal argument.

The Board issued a decision dated July 22, 1997. The Board applied the *Duvall* substantial factor standard for determining proximate cause, as instructed by the Superior Court's order of remand. The Board found that Steen's work was a substantial factor in the rupture of the aneurysm in his brain. Accordingly, the Board decided to

reverse its prior decision and granted Steen's petition for workers' compensation.

### Superior Court's Second Opinion

The Superior Court affirmed the Board's decision to award Steen compensation following the remand proceedings. The Superior Court also affirmed the Board's decision not to permit the parties to present new evidence or legal argument at the hearing on remand. The State contends that the Superior Court's affirmance of the Board's procedural decision was incorrect, as a matter of law. The State argues that procedural error can be rectified only by remanding this matter for a properly conducted substantive hearing before the Board on the merits of Steen's claim. We agree.

### Remand to Board
### Participatory Hearing Required

19 *Del.C.* § 2350(b) provides:

In case of every appeal to the Superior Court the cause shall be determined by the Court from the record, which shall include a typewritten copy of the evidence and the finding and award of the Board, without the aid of a jury, and the Court may reverse, affirm or modify the award of the Board or remand the cause to the Board for a rehearing. In case any cause shall be remanded to the Board for a rehearing, the procedure and the rights of all parties to such cause shall be the same as in the case of the original hearing before the Board.

Pursuant to this subsection, the Superior Court is authorized by statute to do one of four things: "reverse, affirm or modify the award of the Board or remand the cause to the Board for a rehearing." In Steen's case, the Superior Court reversed the Board's decision and stated that "... the cause is remanded to the Board for further consideration consistent with this Opinion. The Board shall issue a written decision resolving each issue addressed in this Opinion." Thus, the record reflects that the option in Section 2350(b) chosen by the Superior Court, in discharging its function of intermediate appellate review, was to "remand the cause to

the Board for a rehearing." Section 2350(b) also explains the legal effect of a remand order:

In case any cause shall be remanded to the Board for a rehearing, the procedure and the rights of all parties shall be the same as in the case of the original hearing before the Board.

■ At an original hearing, the parties have the statutory right to present evidence and legal argument to support their own positions and to challenge evidence or any legal argument to the contrary. *See* 19 *Del.C.* § 2348. If there is a remand, Section 2348(d) further provides that:

Whenever a cause shall be remanded to the Board for a rehearing, all evidence therefore taken before the Board in a previous hearing or hearings shall become part of the evidence in the hearing upon remand.

When Section 2350(b) and 2348(d) are read *in pari materia,* the statutory scheme for conducting a hearing on remand is unambiguous. The Board is to decide the matter, after the remand hearing, on the basis of the evidence from the prior hearing plus any new evidence and legal arguments the parties decide to present.

■ The focus of the inquiry at any Board hearing on a petition for workers' compensation is to identify whether there is a proximate cause between the employee's work and the employee's injury. When the Steen case was remanded to the Board, both parties had a statutory right to litigate at the hearing on remand "as in the case of the original hearing before the Board." Section 2350(b). That statutory right was of particular importance in Steen's case because the attorneys for both parties and the Board had proceeded at the original hearing according to the incorrect "but for" standard of proximate cause in presenting, defending, and deciding Steen's claim for workers' compensation.

■ If the parties had been allowed to participate in the hearing upon remand, they could have presented evidence from their respective experts and legal arguments under the correct "substantial factor" standard of proximate cause, pursuant to the mandate

of the Superior Court's first opinion. The substantial factor standard of proximate cause permits the employee to recover in the absence of an identifiable accident, notwithstanding a pre-existing condition, if the employee can demonstrate through expert testimony that his or her usual employment was "a material element and a substantial factor in bringing it about." *Culver v. Bennett*, 588 A.2d at 1097 (*quoting* W. Keeton, Prosser and Keeton on the Law of Torts 266 (5th ed.1984)). *Accord Duvall v. Charles Connell Roofing*, Del.Supr., 564 A.2d 1132, 1136 (1989), *Reese v. Home Budget Center*, Del. Supr., 619 A.2d 907, 910 (1992), *State v. Cephas*, Del.Supr., 637 A.2d 20, 27 (1994). Conversely, the employee's injury is not compensable, if the employer can demonstrate through expert medical testimony that the injury would have been sustained by the employee, even in the absence of the usual stress and strain of his or her employment. *Culver v. Bennett*, 588 A.2d at 1097 (*quoting* W. Keeton, Prosser and Keeton on the Law of Torts 266 (5th ed.1984)). *Accord Duvall v. Charles Connell Roofing*, Del.Supr., 564 A.2d 1132, 1136 (1989), *Reese v. Home Budget Center*, Del.Supr., 619 A.2d 907, 910 (1992), *Page v. Hercules, Inc.*, Del.Supr., 637 A.2d 29, 33 (1994).

 The statutory language is unambiguous. *See* 19 *Del.C.* §§ 2350(b) and 2348(d). The parties had a statutory right to participate in the rehearing on remand by presenting *additional* evidence and legal argument in accordance with the proper "substantial factor" standard of proximate cause. The absolute denial of the State's statutory rights by the Board constituted reversible error.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded to the Superior Court for remand to the Board and a new hearing in accordance with this opinion.