John KEELER, Plaintiff,

v.

METAL MASTERS FOODSERVICE EQUIPMENT CO., INC., a Delaware corporation, Pennsylvania Manufacturers Association Insurance Company, a foreign corporation, Defendants.

No. 97C–09–005 HDR.

Superior Court of Delaware, Kent County.

Submitted: June 16, 1999.

Decided: Aug. 16, 1999.

John J. Schmittinger, Esq., and Walt F. Schmittinger, Esq., of Schmittinger & Rodriguez, P.A., Dover, Delaware, for Plaintiff.

Todd M. Finchler, Esq., of Tybout, Redfearn & Pell, Wilmington, Delaware, for Defendants.

## OPINION

RIDGELY, President Judge.

John Keeler ("Plaintiff"), filed a complaint under 19 *Del. C.* § 2347, for wrongful termination of worker's compensation benefits by Metal Masters Foodservice Equipment ("Defendant").[1] Presently before the Court are cross-motions for summary judgment. The Court reserved decision after argument on the motions on January 15, 1999. On February 16, 1999, the Court certified three questions of law to the Delaware Supreme Court.[2] On March 16, 1999, the Supreme Court refused certification because important and urgent reasons did not exist to justify deviating from the ordinary appellate process available to the parties.[3] Following this decision, the Court allowed briefing on the issues presented. For the reasons which follow, summary judgment is granted in favor of the Plaintiff and against Defendant.

## I. BACKGROUND

The following facts are undisputed. On or about August 15, 1995, Plaintiff sustained an industrial accident while working for Defendant. Shortly thereafter, Plaintiff filed a petition with the Industrial Accident Board ("Board") for compensation benefits. Following a hearing on the petition the Board awarded Plaintiff the following benefits: (1) total disability benefits of $310.67 per week from August 15, 1995 until September 6, 1995:(2) diminished earning capacity benefits (temporary partial disability benefits) in the amount of $166.67 per week from September 7, 1995 onward; (3) a medical witness fee for the testimony of Dr. Camp; and (4) attorney fees in the amount of $2,250. Plaintiff filed a limited appeal of the Board's decision contesting the portion of the award which discontinued the total disability benefits on September 6, 1995.[4] Defendant

1. The co-defendant is Pennsylvania Manufacturers Association Insurance Company. They are the insurance company providing worker's compensation insurance coverage for Metal Masters.

2. The questions were certified as follows:
   (1) Whether the unappealed portions of an award of the Industrial Accident Board can become final during the pendency of an appeal?
   (2) Whether a remand order from an appellate court may exceed the scope of a limited appeal from a decision of the Industrial Accident Board, such that the unappealed portions of the award are subject to reconsideration by the Industrial Accident Board at the remand rehearing?
   (3) Whether a remand order from an appellate court may be more restrictive than the scope of an appeal, thereby preventing the Board from considering certain issues raised on appeal?

3. *Keeler v. Metal Masters Foodservice Equipment Co.*, Del.Supr., 734 A.2d 158, No. 61, 1999, Berger, J. (Mar. 16, 1999).

4. Plaintiff also appealed whether the Board erred in issuing subpoenas and whether the Board erred by failing to award a medical witness fee for Dr. Adkins.

did not take a cross-appeal.[5]

While the appeal was pending, Defendant neglected to pay the Board awards (except for the deposition fee of Dr. Camp) within thirty (30) days.[6] Pursuant to *Huffman v. C.C. Oliphant & Son, Inc.,*[7] Plaintiff sent letters of demand to Defendant, in January, February, and June, demanding payment of all worker's compensation benefits. Plaintiff then filed the present complaint alleging wrongful termination of worker's compensation benefits under 19 *Del. C.* § 2347 and violations of *Huffman* and 19 *Del. C.* § 1113.[8] Primarily, Plaintiff relies on *Johnson v. General Motors Corp.,*[9] in support of his position.

In response, Defendant argues that *Johnson,* must be overturned to the extent it is inconsistent with *State v. Steen*[10] and the appellate statutes. *Steen* pointed out that when afforded a rehearing on remand, the parties are entitled to present additional evidence and legal arguments. Defendant argues that an appeal of any part of a decision opens the door for remand, and a rehearing, which may result in new evidence being presented, and thus, the Board's entire decision may be changed. Therefore, Defendant argues that the Board awards did not become final and payable until the appellate process had run its course on July 31, 1998. Defendant requests that the Court grant summary judgment because the present action was commenced before July 31, 1998 and a rehearing and/or revised decision was possible until that date.

In contrast, Plaintiff argues that pursuant to *Johnson,* portions of the Board's award which are not appealed are final and binding at the time of the expiration of the appeal period. Plaintiff also argues that the purpose of the Workmen's Compensation Statute was to prevent a claimant from being deprived of benefits without consent or a Board order permitting termination. Absent either of those steps, the claimant's right to benefits continues. Even if the case was to be remanded. Plaintiff submits that the rehearing should be limited to those issues which were contested upon appeal. Finally, Plaintiff contends that the *Steen* case is inapposite because it involved the trial and appeal of a single issue and because the Supreme Court's intent was not to imply that the appeal of a minute portion of a Board award allows a rehearing of the entire matter on remand.

## II. DISCUSSION

Summary judgment will only be granted if, after viewing the record in a light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[11] Because the facts in this case are undisputed, the Court's decision is limited to the legal issues presented.

Unless appealed, an award of the Board becomes final and conclusive.[12] In the al-

5. The Board's decision was affirmed on appeal to the Superior Court and the Supreme Court. *Keeler v. Metal Masters,* Del. Super., C.A. No. 97A–09–004, 1998 WL 278403, Terry, R.J. (Mar. 27, 1998) (Mem.Op.), *aff'd,* 712 A.2d 1004 (1998).

6. On or about February 19, 1998, Defendant paid the Board awards of total disability benefits, diminished earning capacity benefits, and attorney fees. Whereas Plaintiff argues that this estops the Defendant from arguing that they were not obligated to pay the awards, Defendant claims that it only paid the awards to toll the running of the statutory penalties.

7. Del.Supr., 432 A.2d 1207 (1981).

8. Plaintiff also alleged that Pennsylvania Manufacturers breached their duties of good faith and fair dealing by refusing to timely pay the benefits.

9. Del.Super., C.A. No. 89C–JA–46, 1990 WL 18397, Taylor, J. (Feb. 5, 1990) (Rev.ORDER).

10. Del.Supr., 719 A.2d 930 (1998).

11. *Wilmington Trust Co. v. Aetna Casualty and Surety Co.,* Del.Supr., 690 A.2d 914, 916 (1996).

12. 19 *Del. C.* § 2349.

ternative, if an award is appealed, the Superior Court has the power to reverse, affirm, modify, or remand the cause to the Board for a rehearing.[13] Defendant argues that because *Steen* allows for reconsideration of all the evidence presented at the original hearing, and any new additional evidence or legal argument,[14] benefits should not be payable until the decision is made final at the conclusion of the appellate process. However, this argument is unsupported by both *Steen* and *Johnson.*

■ If an appeal is taken from a decision of the Board, the Board's decision is considered conditional, rather than final or conclusive, during the pendency of the appeal.[15] Consequently, if an employee is awarded benefits, the employer is not liable for payments until the time for appeal has expired. The *Johnson* case supports this proposition and is directly on point with the present case. In *Johnson,* the Board awarded Johnson partial compensation from March to September of 1985, and total disability until September 10, 1985. Johnson was also awarded medical expenses and attorney fees. Johnson appealed seeking a review of the Board's decision that terminated his total disability on September 10, 1985. The Superior Court and the Supreme Court affirmed. While the appeal was pending. Johnson filed suit for General Motors' nonpayment of the part of the compensation award that was not contested by either party. Similar to the present case. General Motors argued that the award had not become final. The court in *Johnson* recognized that part of a decision of an administrative board could be appealed under Superior Court Civil Rule 72.[16] Holding in favor of Johnson, the court then determined that the award of compensation for the portion not appealed by Johnson became final upon expiration of the period for filing an appeal.[17]

■ In *Steen,* the court held that, "[t]he Board is to decide the *matter,* after the remand hearing, on the basis of the evidence from the prior hearing plus any new evidence and legal arguments the parties decide to present." [18] I am convinced that the Supreme Court used the term 'matter' to refer to the subject to be decided upon remand. 'Matter' has been defined as: ". . . a subject of disagreement or litigation . . ." [19] or the ". . . subject matter of. [a] controversy." [20] Once the appeal was filed, the unappealed awards were no longer subject to disagreement or controversy. Thus, it may be inferred that the Supreme Court's use of the term "matter" was meant to signify only the awards which were appealed and not the entire case.[21] In other words, upon remand and a re-

---

**13.** 19 *Del. C.* § 2350.

**14.** *Steen,* 719 A.2d at 934. *See also,* 19 *Del. C.* § 2348(f) ("Whenever a cause shall be remanded to the Board for a rehearing, all evidence theretofore taken before the Board in a previous hearing or hearings shall become part of the evidence in the hearing upon remand.")

**15.** *Hamilton v. Trivits,* Del.Super., 340 A.2d 178, 180 (1975).

**16.** Superior Court Civil Rule 72(c) states: "The notice of appeal shall specify the parties taking the appeal, shall designate the order, award, determination, or decree, or part thereof appealed from . . ."

**17.** *Johnson,* at 2.

**18.** *Steen,* 719 A.2d at 934 (emphasis added).

**19.** Webster's Ninth New Collegiate Dictionary 733 (1989).

**20.** Black's Law Dictionary 978 (6 th ed.1990).

**21.** *See also, Murphy v. State,* Del.Supr., 632 A.2d 1150, 1152 (1993) (holding that when a party fails to raise a legal issue in the text of the opening brief upon appeal to the Delaware Supreme Court, this constitutes a waiver of that claim on appeal).

hearing, the Board should not be permitted to reconsider the unappealed portions of the award. Furthermore, the awards not appealed are deemed final and conclusive upon expiration of the time for appeal.[22]

## III. CONCLUSION

In the present case, the Board granted four separate awards: (1) total disability benefits; (2) diminished earning capacity benefits; (3) a medical witness fee; and (4) attorney fees. The only award appealed by Plaintiff was for failure to continue the total disability benefits. As noted above, 19 *Del. C.* § 2349 states that "[a]n award of the Board" shall be final and conclusive unless appealed within 20 days. In the present case, three of the four awards were not appealed. Accordingly, those three awards became final and conclusive upon expiration of the time for appeal. Based upon the undisputed material facts. Defendants' motion for summary judgment is **DENIED** and Plaintiff's cross-motion for summary judgment is **GRANTED**. Counsel shall confer and submit a form of final order in accordance with this opinion within ten days.

**IT IS SO ORDERED.**

---

**22.** *See Pollard v. Placers, Inc.,* Del.Supr., 692 A.2d 879, 880 (1997) ("An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case."); *Showell Poultry, Inc. v. Delmarva Poultry Corp.,* Del.Supr., 146 A.2d 794, 796 (1958) ("A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration.")