**BLUE HEN LINES, INC., Defendants Below, Appellants,**

v.

**Bryan TURBITT, Plaintiff Below, Appellee.**

**Nos. 423 and 444, 2000.**

Supreme Court of Delaware.

Submitted: June 19, 2001.
Decided: Dec. 12, 2001.

R. Stokes Nolte, Esquire, Nolte, Brodoway & Saltz, P.A., Wilmington, Delaware, for Appellant Blue Hen Lines, Inc.

Nancy Chrissinger Cobb, Esquire, Chrissinger & Baumberger, Wilmington, Delaware, for Appellant Liberty Mutual Insurance Company.

Walt F. Schmittinger, Esquire, Schmittinger and Rodriguez, P.A., Dover, Delaware, for Appellee Bryan Turbitt.

Before VEASEY, Chief Justice, WALSH, BERGER, STEELE, Justices, and JACOBS, Vice Chancellor,* constituting the Court En Banc.

WALSH, Justice.

In this appeal from the Superior Court, we address the question of whether a limited appeal by a claimant, from the Industrial Accident Board, negates the finality of the unappealed portion of the award, so as to preclude a separate action for liquidated damages for non-payment of an award. We conclude that if the employer or carrier is on notice that a portion of the award is due and payable, and no cross-appeal has been filed, a "Huffman Action" for liquidated damages is sustainable. Accordingly, we affirm the judgment of the Superior Court.

**I**

In November 1994, Bryan Turbitt ("Turbitt") injured his back while working for Blue Hen Lines ("Blue Hen"). Based on this work-related injury, Blue Hen's workers' compensation carrier, Liberty Mutual Insurance Company, paid Turbitt total disability benefits as provided by 19 *Del. C.* § 2324. In January 1996, Blue Hen filed a petition with the Industrial Accident Board ("Board") to terminate Turbitt's benefits.

In response, Turbitt filed a petition in August 1996 to determine additional compensation due, based on an alleged 34 percent permanent impairment to his back. After a hearing on December 5, 1996, the Board terminated Turbitt's total disability benefits because he was no longer totally disabled but awarded Turbitt: (1) compensation for a 15 percent permanent partial impairment to his back, (2) $293.41 per week to compensate Turbitt for diminished earning capacity (temporary partial disability), and (3) reimbursement for medical witness fees and attorney fees.

On April 8, 1997, Turbitt filed a Notice of Appeal in the Superior Court. The notice recited that Turbitt intended to appeal the Board's decision "on the basis that the Board erroneously reduced the amount of the permanent partial disability benefits and the amount of permanency benefits awarded to the Claimant." Blue Hen did not cross-appeal. Ultimately, the Superior Court affirmed the Board's decision[1] but after a further appeal, this Court reversed and remanded the case to the Board.[2]

During pendency of his Superior Court appeal, on April 28, 1997 and again on May 8, 1997, Turbitt demanded payment under *Huffman v. C.C. Oliphant & Son, Inc.,* Del.Supr., 432 A.2d 1207 (1981), for the portions of the Board's award that he had elected not to appeal—specifically, witness and attorney fees and temporary partial disability benefits.[3] Blue Hen elected not

---

* Assigned pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rule 2(a).

1. *Turbitt v. Blue Hen Lines, Inc.,* Del.Super., C.A. No. 97A–04–002, 1997 WL 819113, Lee, J. (Dec. 31, 1997) (Mem.Op.).

2. *See Turbitt v. Blue Hen Lines, Inc.,* Del. Supr., 711 A.2d 1214 (1998) (concluding that the Board's award of 15 percent permanent partial disability was not supported by substantial evidence).

3. On April 7, 1997, two weeks after the Board's decision had been mailed to the parties, Turbitt's counsel wrote Blue Hen's counsel requesting payment for the disability compensation and ancillary fees awarded by the Board. In that letter, Turbitt's counsel indicated that Turbitt intended to appeal the Board's award of compensation for diminished earning capacity, but counsel nevertheless demanded payment of the award made by the Board because "that is the minimum amount that he is entitled to" and "there is no reason

to pay these awards, arguing that no part of the Board's decision could be final or binding until Turbitt's appeal was complete. On June 19, 1997, Turbitt filed a *Huffman* action under 19 *Del. C.* § 2357 requesting (1) liquidated damages for the unpaid ancillary fees, temporary partial disability benefits, and permanent partial disability benefits, and (2) punitive damages for bad faith refusal to pay compensation awarded by the Board.

After arbitration, Blue Hen filed a motion for summary judgment and Turbitt, relying on a similar case that had recently been decided in the Superior Court, filed a cross-motion for summary judgment. The Superior Court granted summary judgment in favor of Turbitt with respect to ancillary fees and temporary disability compensation, reasoning that the Board's decision on these issues had become final and binding on Blue Hen. The court also granted summary judgment in favor of Blue Hen with respect to permanent partial disability compensation holding that the Board's decision on this issue had not become final because of Turbitt's appeal. This appeal followed.

## II

This Court reviews *de novo* the Superior Court's decision to grant summary judgment under Super. Ct. Civ. R. 50. *See Trievel v. Sabo*, Del.Supr., 714 A.2d 742, 744 (1998). On appeal, the Court "must determine 'whether the evidence and all reasonable inferences that can be drawn therefrom, taken in a light most favorable to the non-moving party, raise an issue of material fact for consideration by the jury.'" *Id.* (quoting *Mazda Motor Corp. v. Lindahl*, Del.Supr., 706 A.2d 526, 530 (1998)). The moving party bears the burden of demonstrating both the absence of a

why he should not get what he was awarded by the Board." (citing *Johnson v. General Mo-*

material fact and entitlement to judgment as a matter of law.

In *Huffman v. C.C. Oliphant & Son*, Del.Supr., 432 A.2d 1207 (1981), this Court allowed amounts due under an Industrial Accident Board award to be collected pursuant to the Wage Payment and Collections Act, 19 *Del. C.* Ch. 11, thus expanding the remedies available to a claimant whose payments are wrongfully withheld. 19 *Del. C.* § 1103 states that an employer who wrongfully fails to pay an employee wages is "liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller." Additionally, under 19 *Del. C.* § 1113(c), in an action for wages, the employee is entitled to "an award for the costs of the action, the necessary costs of prosecution, and reasonable attorneys' fees, all to be paid by the defendant." *Huffman*, 432 A.2d at 1211. Although § 1103(b) of the Wage Payment and Collection Act provides that an employer can avoid the penalty imposed under 19 *Del. C.* § 1103(b) if it has "reasonable grounds for dispute of the unpaid wages," this Court recently held that an employer can be held liable, even when nonpayment of an award was not in bad faith. *National Union Fire Ins. Co. of Pittsburgh Pennsylvania v. McDougall*, Del.Supr., 773 A.2d 388 (2001).

■ To recover under *Huffman*, a claimant first must have a final order requiring an employer to pay. The primary issue in this case is whether an appeal from any part of an award negates the finality of the part not appealed and ex-

*tors Corp.*, Del.Super., C.A. No. 89C–JA–46, 1990 WL 18397, Taylor, J. (Feb. 5, 1990)).

empts the entire decision from a *Huffman* action. In an earlier decision the Superior Court answered this question in the negative and this Court affirmed the result. *See Keeler v. Metal Masters Foodservice Equipment Co., Inc.*, Del.Super., 768 A.2d 979 (1999), *aff'd* Del.Supr., 755 A.2d 389 (2000) (ORDER).

Blue Hen argues that the Superior Court's ruling is incorrect because a Board decision cannot be final—and, thus, the employer cannot be required to pay compensation awarded in the decision—if either party appeals any part of the decision. Although a claimant is entitled to take limited appeals of Board decisions under Superior Court Civil Rule 72, Blue Hen's argument runs, a claimant's decision to appeal any part of the Board decision means that no portion of the decision can be final. Blue Hen further contends that this analysis is appropriate because, if an appellate court remands the case to the Board, the Board may hear evidence on, and revise any portion of, its earlier award, including portions that were not appealed.

█ A claimant is entitled to liquidated damages under 19 *Del. C.* § 2357 for an employer's failure to pay a workers' compensation award only after: (1) the award becomes "due," (2) the employee demands payment from the employer, and (3) the employer fails to pay the amount due within thirty days after the demand. The Superior Court has interpreted this provision to mean that an award is "due" once the Board's decision becomes final. Under 19 *Del. C.* § 2349, "[a]n award of the Board, in the absence of fraud, shall be final and conclusive between the parties ... unless within 30 days of the day the notice of the award was mailed to the parties either party appeals to the Superior Court for the county in which the injury occurred...." *See Hamilton v. Trivits*, Del.Super., 340 A.2d 178, 180 (1975). Al-

though the Board's decision is merely conditional and non-final while the appeal period is pending, if the notice of appeal is limited to a specific issue, the unappealed portions of the Board's decision are deemed final, and thus "due," when the appeal period expires. *Keeler*, 768 A.2d at 983.

In furtherance of its contention that an unappealed portion of a Board decision is subject to further modification, Blue Hen relies upon this Court's decision in *State v. Steen*, Del.Supr., 719 A.2d 930 (1998). In *Steen*, we authorized the Board to "decide the matter" after judicial remand based on the prior record and new evidence offered by the parties. *Id.* at 934. Our use of the term "matter," however, was limited to an award of the Board that was both part of the original appeal and specifically remanded by the appellate court. Moreover, *Steen* was a single issue case. As a matter of common sense, if an appellate court orders a remand to an administrative agency, there is no reason to reopen other issues that are not related to issues to be resolved on remand and which were not raised on appeal.

█ Notwithstanding the possible imprecision in the use of the term "matter" in *Steen*, we conclude that unappealed awards may not be revisited or modified on remand. Since there is "nothing for future determination or consideration" with respect to such awards, they are deemed final judgments on the merits of the discreet controversies adjudicated. *Showell Poultry Inc. v. Delmarva Poultry Corp.*, Del.Supr., 146 A.2d 794, 796 (1958). Claimants entitled to payments on unappealed awards, deemed final under the principles set forth above, may then make a *Huffman* demand for payment of the amounts due under the Board's decision. If the employer fails to make payment within thirty days of the demand, the em-

ployer may become liable for liquidated damages as provided by statute.

## III

■ We next address Blue Hen's contention that there is a genuine issue of material fact concerning its good faith belief that it was not obligated to pay the amounts awarded by the Board until all appeals had been completed, thus precluding the grant of summary judgment. This Court has held that the "alleged 'good faith' belief of an employer or an insurer that the employee is no longer entitled to compensation is irrelevant" under 19 *Del. C.* § 2357. *Huffman*, 432 A.2d at 1209. The employer must petition the Board to terminate a claimant's benefits under a final, binding Board decision. The employer may not unilaterally terminate the benefits, even if the employer acts in good faith. We note that 19 *Del. C.* § 1103(b) provides that an employer is liable for liquidated damages for unpaid compensation only if the employer fails to pay the amount due "without any reasonable grounds for dispute." Thus, where a decision is not final and binding and the employer properly contests the employee's entitlement to benefits, the employer may not be held liable for liquidated damages during the pendency of proceedings to resolve the dispute.

■ Blue Hen argues that it has, from the beginning, asserted a reasonable argument disputing its obligation to pay benefits awarded by the Board during the pendency of Turbitt's appeal. As a consequence, Blue Hen contends, there is an issue of fact concerning whether its finality argument is a reasonable ground for dispute precluding an award of liquidated damages under 19 *Del. C.* § 1103(b). We agree with the Superior Court, however, that following a limited appeal in this case, several demands for payment were made by claimant without appropriate re-

sponse within the statutory period. Blue Hen's misguided belief that it had no obligation to make payment was "wrongful" in the statutory sense even if not necessarily based on bad faith. In short, as this Court recently determined, an unappealed award is an "amount due" under the statute regardless of "good faith objections." *McDougall*, 773 A.2d at 393. Accordingly, we conclude that the Superior Court correctly granted summary judgment in claimant's favor.

Although we conclude that the Superior Court properly granted summary judgment in this case, we take the occasion to comment on the general language of Superior Court Civil Rule 72(c), which permits an appellant to designate the "order, award, determination, or decree, *or part thereof*" from which the appeal is taken without requiring, except implicitly, what, if any, portion of the award is accepted by the appellant. While this imprecision may not create uncertainty in some administrative appeals, it may, as this case attests, prove problematic in appeals from awards in workers' compensation cases where a partial appeal, with its implicit acceptance of a portion of an award, may provide the basis for a *Huffman* action. Accordingly, we request that the Superior Court consider amending Rule 72(c) to provide that, in appeals from the Industrial Accident Board, where the claimant accepts part of the award while appealing the remainder of the award, the notice of appeal specify that portion of the award accepted. In the absence of a cross-appeal as to the accepted portion of the award, that portion would be deemed "due" and subject to a proper demand under 19 *Del. C.* § 1103.

The judgment of the Superior Court is AFFIRMED.