IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROBERT McCABE,

    Claimant-below,       :    C.A. No. K17A-02-001 WLW

    Appellant,           :    Kent County

v.

BAYSIDE ROOFING, INC., a

Delaware corporation,

    Employer-below,

    Appellee.

Submitted: February 27, 2018
Decided: March 12, 2018

## ORDER

Upon the Parties' Motions for Reargument
*DENIED.*

Walt F. Schmittinger, Esquire and Gary E. Junge, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorneys for the Appellant.

John J. Ellis, Esquire of Heckler & Frabizzio, Wilmington, Delaware; attorney for the Appellee.

WITHAM, R.J.

*Robert McCabe v. Bayside Roofing. Inc.*
C.A. No. K17A-02-001 WLW
March 12, 2018

Upon consideration of the Appellant's, Robert McCabe, and the Appellee's, Bayside Roofing, Inc., competing Motions for Reargument, as well as each parties' response in opposition, it appears that:

1. On February 13, 2018, this Court granted in part and denied in part Mr. McCabe's motion seeking an award of attorneys' fees for: (a) the work of his attorneys on appeal to this Court from a decision of the Industrial Accident Board (the "IAB"); and (b) the work of his attorneys in preparation of the petition for the fees.[1]

2. On February 20, 2018, both parties in this matter filed motions to reargue the Court's decision. Mr. McCabe contends that he is entitled to reargument because the Court apparently erred in reducing the fees requested by his attorneys. Bayside Roofing contends that it is entitled to reargument because the Court's decision relied heavily upon two cases that were not substantially addressed by the parties in written briefing or at oral argument.[2] Furthermore, Bayside Roofing alleges that these cases are distinguishable from the present case and that existing case law[3] supports that the issue of an attorney's fee is not yet ripe for determination. Finally, Bayside Roofing alleges that if final, the Court's order shall lead to a significant increase in appeals to the Superior Court by claimant attorneys whenever they are partially or fully

---

[1] *McCabe v. Bayside Roofing, Inc.*, 2018 WL 835381 (Del. Super. Feb. 13, 2018).

[2] *See Bythway v. Super Fresh Food Markets, Inc.*, 1999 WL 1568615 (Del. Super. Nov. 30, 1999); *Veid v. Bensalem Steel Erectors*, 2000 WL 33113801 (Del. Super. Dec. 28, 2000).

[3] *See State v. Steen*, 719 A.2d 930 (Del. 1998); *Lucas v. Leaseway Motorcar Transp.*, 1999 WL 1568383 (Del. Super. Mar. 1, 1999).

unsuccessful before the IAB. Thus, both parties believe that reargument is warranted in this matter.

3. On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[4] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[6] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[7] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[8]

---

[4] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).

[5] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[6] *Id.*

[7] *Brenner*, 2000 WL 972649, at *1.

[8] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017) (citing *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007)).

4. In this case, having thoroughly reviewed and considered the parties' written submissions, as well as the cited precedent, the Court finds that the Court's February 13, 2018 Order must stand because the Court is not persuaded that it overlooked a controlling precedent or legal principles. Nor does the Court believe that it misapprehended the law or facts such as would have changed the outcome of the underlying decision. Accordingly, the parties have failed to satisfy the standard under Rule 59(e) for the Court to grant reargument.

5. As a final note, the Court would like to direct the parties to the last paragraph in *Veid* because the Court believes that the Honorable William C. Carpenter Jr.'s advice is applicable under these circumstances as well. In *Veid*, Judge Carpenter stated the following:

> [T]he Court realizes that neither counsel will be particularly satisfied with this ruling since both have suffered wins and losses. While not satisfied, the Court encourages counsel to put this litigation to rest. In monetary terms, this is a relatively minor case on which both sides have spent too much time and energy. It is arguable that the Court has gone to the limits of its discretion in making the findings set forth in this Order, and it is fair to say that additional litigation could result in either costing the Employer thousands of more dollars or eliminating the award altogether for the Employee. The Court's advice is to stop arguing about this litigation and move on to more significant matters.[9]

In sum, for the foregoing reasons, the Court holds that:

Mr. McCabe's Motion for Reargument is hereby **DENIED**; and

---

[9] *Veid*, 2000 WL 33113801 at *4.

Bayside Roofing's Motion for Reargument is hereby **DENIED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh