IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEVIN IMHOF,                              )
                                          )
            Appellant,                    )
                                          )
      v.                                  )      C.A. No. K21A-06-004 NEP
                                          )
DELAWARE BOARD OF MEDICAL                 )
LICENSURE AND DISCIPLINE,                 )
                                          )
            Appellee.                     )

Submitted:  June 1, 2022
Decided:  August 22, 2022

## ORDER

*Upon Appellant's Appeal from the Decision of the Delaware Board of Medical Licensure and Discipline following Remand*

### AFFIRMED

1.      The appellant,  Kevin A. Imhof (hereinafter "Imhof"), filed this appeal from an order on remand of the Board of Medical Licensure and Discipline (hereinafter the "Board").  On remand, the Board was tasked by this Court to consider a single legal issue that the Court had flagged as unclear in the Board's original order.  Imhof appeals the Board's reconsideration of that flagged issue based upon both 1) the procedure chosen by the Board to consider the remanded issue,  and 2) the substance of the Board's order on remand.  The background facts of this action are set forth in *Imhof v. Delaware Board of Medical Licensure and Discipline* (hereinafter *Imhof I*).[1]

---

[1] 2022 WL 247464, at *1 (Del. Super. Jan. 27, 2022).

2. In the Board's original order dated June 1, 2021 (hereinafter the "Board's First Order"), the Board suspended Imhof's license after finding that he had engaged in conduct constituting crimes substantially related to the practice of medicine in violation of 24 *Del. C.* § 1731(b)(2); that he had engaged in dishonorable, unethical, or other conduct likely to deceive, defraud, or harm the public in violation of 24 *Del. C.* § 1731(b)(3); and that he had wilfully failed to report certain conduct in a timely fashion in violation of 24 *Del. C.* § 1731(b)(14).

3. On January 27, 2022, the Court issued a decision that remanded to the Board one succinct legal issue, *i.e.*, whether Imhof had wilfully failed to report conduct in violation of 24 *Del. C.* § 1731(b)(14). [2] The Court also directed the Board to consider whether the discipline imposed should be modified in light of the Board's further consideration of this issue. Without giving notice to Imhof of its deliberations, or allowing any legal or substantive argument, the Board met, deliberated, and, subsequently issued a final order on April 8, 2022 (hereinafter the "Order on Remand"),[3] addressing the issues identified by the Court. The Order on Remand found that Imhof's action did not constitute "abuse" and therefore that 24 *Del. C.* § 1731(b)(14) was not violated; however, the Board did not modify the discipline originally imposed.[4]

4. This Court issued a briefing schedule regarding the Order on Remand on April 14, as it had maintained jurisdiction over the Board's First Order. In the briefings, Imhof makes multiple arguments regarding the propriety of the Board's Order on Remand. *Inter alia*, he argues that the "Board made this determination

---

[2] *Id.* at *8. The hearing officer had concluded that Imhof had wilfully failed to report his own "abuse" of his former spouse, and the Board had accepted the hearing officer's recommendation as to this point without further comment. The Court directed the Board on remand to consider this finding in light of the fact that "abuse" is not defined in the statute, and the fact that Imhof's conduct did not involve any direct contact between himself and his former spouse.

[3] *See* Bd. Order on Remand at 2–3 (D.I. 21, April 8, 2022).

[4] *Id.* at 4–5.

without additional hearing, evidence, or argument as to the impact of the lack of a finding of abuse upon the balance of the case."[5]  Moreover, Imhof argues that if "the Board finds there was no 'abuse' as described in the initial petition, to simply adopt the remaining penalties without more, is improper."[6]

5.      The Board argues that this Court gave the Board the discretion to determine whether any further evidentiary hearing was necessary,[7] and that the Board made the determination that "no further factual development is required."[8] The Board does not cite a case that directly supports this proposition, but does point to prior decisions of this Court, in instances where a remand was ordered, that explicitly state when a new hearing is required.[9]  Thus, the Board's position can be summed up by the proposition that the Court can grant discretion to the Board to determine whether an additional hearing is necessary.[10]

6.      When reviewing the decision of an administrative board, this Court must determine whether the board's findings are supported by substantial evidence and are "free from legal error."[11]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12]  Questions of law are reviewed *de novo*.[13]

[5] Imhof's Second Opening Br. at 5 (D.I. 26, May 19, 2022).
[6] *Id.* at 6.
[7] The Board points to the following language from *Imhof I*: "The Board will also determine whether any such inquiry would require any further evidentiary hearings or supplemental findings of fact." Bd.'s Answering Br. at 8 (D.I. 27, May 19, 2022) (quoting *Imhof I*, 2022 WL 247464, at *8).
[8] *Id.* (quoting Order on Remand at 2).
[9] *Id.* at 9 (citing multiple cases that explicitly direct the Board to conduct a new hearing).
[10] *Id.* at 8–10.
[11] *Optima Cleaning Sys. v. Unemployment Ins. Appeal Bd.*, 2010 WL 5307981, at *2 (Del. Super. Dec. 7, 2010).
[12] *Id.* (citing *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (internal quotations omitted)).
[13] *Person-Gaines v. Pepco Holdings,* 981 A.2d 1159, 1161 (Del. 2009).

7.	At the outset, Imhof makes arguments that are beyond the scope of remand, and the Court will not address the propriety of the arguments, as they deal with issues that have already been decided in *Imhof I*.[14]  However, the most pertinent subject that both parties address is whether Imhof should have had the opportunity to present evidence and make legal argument regarding the third charge and its weight in shaping the discipline imposed.

8.	This Court's decision in *Potter v. State Department of Corrections* [sic] is instructive.[15]  There, the Court found that when a board concludes that "the existing record, made up of largely uncontroverted factual evidence, provide[s] all the information it need[s] to reach the decision requested by this Court [on remand]," it need not hold an evidentiary hearing or give notice to the parties of its deliberative meeting.[16]  In *Potter*, as here, the parties had previously participated in a hearing in accordance with the requirements of due process, and the board had been directed to consider a single legal issue identified by the reviewing court.  Therefore, the *Potter* Court held that the appellant's claim that the board had "reach[ed] a decision after remand without providing notice or additional opportunity to be heard on the issue" was not meritorious.[17]

9.	Imhof's second opening brief is devoid of any case law that would challenge the persuasive reasoning of *Potter* and leaves the Court with no legal basis

---

[14] Imhof argues that the entire matter is "ripe for dismissal" because without a "finding of abuse . . . the underlying petition for discipline must fall as a house of cards." Imhof's Opening Br. at 7, 5.  This Court has previously found that the Board's findings as to the first two violations were supported by substantial evidence and free from legal error, and thus arguments regarding those violations are not germane. *See infra* n.22.

[15] 2013 WL 1437694 (Del. Super. Apr. 8, 2013)*, aff'd sub nom. Potter v. State Dep't of Correction*, 80 A.3d 961 (Del. 2013) (TABLE).

[16] *Id.* at *3.

[17] *Id.* at *4.

to consider this issue differently.[18] Thus, the Court finds that due process does not require an additional hearing where the Court has granted discretion to the Board on remand regarding whether it needs to conduct an evidentiary hearing on a sole legal issue, and when the parties have already had an opportunity to present evidence and argument that comported with the requirements of due process and the Administrative Procedure Act (APA).[19] Specific to this case, Imhof had an opportunity, and, in fact, did make substantive argument at the original hearings on both the legal issues—subsequently partially found in his favor on remand—and the disciplinary issues, in front of both the Hearing Officer[20] and the Board.[21]

10. Notably, the legal issue identified by this Court did not require additional factual development for the Board to render a decision. The evidence had been thoroughly described by the Hearing Officer, and, for the most part, was derived directly from Imhof's own admissions. Thus, all that was left for the Board to decide on remand was whether such actions by Imhof, already in the record, constituted abuse under the statute. The Board, upon consideration, found that Imhof's actions directed towards his former spouse did not rise to a level that would constitute abuse, and consequently that Imhof did not violate 24 *Del. C.* §

---

[18] In fact, Imhof's opening brief cites no case authority as to any point. *See* Imhof's Second Op. Br. at 1–8. Moreover, Imhof's subsequent letter to the Court indicated that "no Reply Brief will be filed[.]" (Ltr. to Ct., June 26, 2022, D.I. 28).

[19] This ruling does not extend to Delaware administrative boards (*e.g.*, the Industrial Accident Board) that are governed by statutes that explicitly state whether a hearing is required on remand. *See, e.g.*, *State v. Steen*, 719 A.2d 930, 935 (Del. 1998) (holding that 19 *Del.C.* § 2350(b)—the statute governing this Court's authority when reviewing the Industrial Accident Board's (IAB) orders—requires that on remand the IAB must conduct a hearing that enables the parties to present "*additional* evidence and legal argument" regarding the legal issues noted by the reviewing court (emphasis in original)).

[20] Tr. of Administrative Hr'g before Chief Hr'g Officer at 268–278 (Tab 4) (Feb. 8, 2021) (discussing in great length the substantive legal issues and aggravating factors, or lack thereof, and mitigating factors to be accounted for in formulating the discipline).

[21] Tr. of Proceedings before Bd. at 4–8 (Tab 2) (May 4, 2021) (discussing the legal and disciplinary exceptions to the Hearing Officer's Recommendations to the Board.).

1731(b)(14). Accordingly, Imhof faced no prejudice from his lack of an opportunity to make *legal* argument, as the Board made an exclusively *legal* determination *in his favor*.[22]

11. Therefore, the only due process violation that can be alleged must relate to the Board's decision not to allow argument related to Imhof's discipline. However, Imhof had already made extensive argument regarding the mitigating and aggravating factors the Board should weigh in imposing the proper discipline as to all the violations. As mentioned *supra*, and in step with *Potter,* the Court does not find that additional argument was either warranted or required by considerations of due process. Additionally, the Court does not find that Imhof suffered any prejudice because he was denied the opportunity to rehash legal arguments on this issue.

12. As to the discipline itself, an "administrative agency's choice of penalty is a matter of discretion to be exercised solely by the agency as long as it is based on substantial evidence and within its statutory authority."[23] In *Imhof I*, the Court found that the two violations at issue here were supported by substantial evidence.[24] Thus, in reviewing discipline where the underlying violations are supported by substantial evidence and within the statutory authority of the Board, the question for this Court

---

[22] An alleged due process violation requires a showing of prejudice. *Bailey v. State*, 363 A.2d 312, 317 (Del. 1976) (requiring a demonstration by a defendant of "actual or inherent prejudice" in order to find that a due process violation occurred). In rare cases there is a presumption of prejudice. *See Hughes v. State*, 490 A.2d 1034, 1046 (Del. 1985) (finding that only in "egregious circumstances" does "the law raise[] a presumption of prejudice, and consequently, a violation of due process").

[23] *Johns v. Council of Delaware Ass'n of Professional Engineers*, 2004 WL 1790119, at *4 (Del. Super. July 27, 2004) (citing *Warmouth v. Delaware State Bd. of Examiners in Optometry*, 514 A.2d 1119, 1123 (Del. Super. 1985), *aff'd*, 511 A.2d 1 (Del. 1986) (TABLE)).

[24] *Imhof I*, 2022 WL 247464, at *5 (affirming 24 Del. C. § 1731(b)(2) violation); *id.* at *6 ("Hence, there is substantial evidence to support the finding by the Board that Imhof violated 24 *Del.C.* § 1731(b)(3) by committing acts likely to "harm the public" and "discredit" the profession.").

6

is "whether [the] punishment is so disproportionate to the offense in light of all of the circumstances as to be shocking to one's sense of fairness."[25]

13.    As mentioned in *dicta* by the Court in *Imhof I*, "it is apparent from the hearing officer's recommendation that, under the Board's disciplinary guidelines, the potential discipline for the failure to report charge is the least serious of the three potential violations: for the § 1731(b)(2) and § 1731(b)(3) violations, suspension is a potential disciplinary action, while only a fine and probation are potential disciplinary actions for a § 1731(b)(14) violation."[26]   Moreover, the discipline imposed on Imhof is within the disciplinary guidelines for the § 1731(b)(2) and § 1731(b)(3) violations. Thus, it cannot be said that the punishment is "shocking to one's sense of fairness" when the disciplinary guidelines applicable to the two violations that were upheld support the punishment applied in the Board's First Order and confirmed in the Order on Remand.

**WHEREFORE**, for the reasons explained above, the Board's Order on Remand is supported by substantial evidence and is free from legal error.  The Board acted within its discretion, as authorized by instruction from this Court, not to conduct further evidentiary hearings or legal argument, and the Board imposed a discipline within its statutory authority.  Accordingly, the Board's Order on Remand is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

---

[25] *Johns*, 2004 WL 1790119, at *4 (citing *Warmouth*, 514 A.2d at 1123).

[26] *Imhof I*, 2022 WL 247464, at *8 n.64.

7

NEP:tls
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel of Record